# EXHIBIT A

**Life Partners, Inc.**

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

## LIFE SETTLEMENT PURCHASE AGREEMENT

This Agreement ("Agreement") is entered into on **October 28, 2011** by and between Life Partners, Inc., P.O. Box 20034, Waco, TX 76702 ("LPI"), and Redacted ("Seller"), the owner of life insurance policy number Redacted insuring the life of Redacted ("Insured"), including all encumbrances, benefits, riders and endorsements, except as specifically retained by Seller under this agreement and/or by operation of law (collectively, the "Policy") issued by **MetLife Investors USA Insurance Company** (the "Issuer") with a net death benefit of **$2,000,000.00** (said amount does not include any ancillary or contingent benefits under the policy nor does it include any amount retained by Seller by execution of a beneficial interest rider and/or by operation of law). If the policy contains a provision for double or additional indemnity for accidental death, this additional payment shall remain payable to the beneficiary last named prior to entering into the life settlement agreement, or to such other beneficiary, other than the beneficiary named by Life Partners, Inc., as the Seller may designate, or in the absence of such a designation, to the estate of the Seller.

**NOW, THEREFORE,** in consideration of the mutual covenants and representations contained in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, LPI and Seller (sometimes referred to in this Agreement individually as a "Party" and collectively as the "Parties") hereby agree as follows:

1. **Definitions.**

1.1. Except where followed immediately by the word "only", the terms "includes" and "including" shall mean "includes, but is/are not limited to," and "including, but not limited to," respectively, it being the intention of the Parties that any example or listing following thereafter is illustrative and not exhaustive.

1.2. All terms used in the singular shall apply in the plural sense should the context so require. All masculine terms shall be construed in the female sense should the context so require.

1.3. "Escrow Agent" means **Advance Trust & Life Escrow Services, LTA.**

1.4. "Closing Date" is defined as the date upon which the consideration for the transaction described herein is transferred from the Escrow Agent to Seller.

1.5. "Clients" means those individuals or business entities for whom LPI acts as purchasing agent and who will own an interest in the policy, but whose sole activity related to the transaction is providing funds to effect the life settlement. **For information on disclosure of personal information to LPI's Clients, see section 3.**

2. **Assignment and Change of Beneficiary.**

2.1. In consideration for the payment of **$95,000.00**, Seller hereby agrees to assign and transfer to LPI, as agent for one or more of its Clients, all right, title and interest in and to the Policy, free and clear of all liens, charges and encumbrances except those disclosed pursuant to Section 4.1, which assignment and transfer includes the right(s) to: (i) change the beneficiary on the Policy; (ii) assign or surrender the Policy; (iii) borrow on the Policy; (iv) apply for and maintain waiver of premium under or conversion of the Policy; (v) receive any and all benefits paid under the Policy (except as may be specifically retained by Seller or by operation of law) and/or (vi) be notified about any and all matters relative to the Policy as to which the owner of the Policy may or should be notified including, but not limited to, notice of the accrual of the right to convert or port coverage under a group policy, if applicable.

FORM LSPA-CA                                                                                                         PAGE 1

**Life Partners, Inc.**

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

Payment shall be made through Escrow Agent according to the terms of the Life Settlement Escrow Agreement executed in conjunction with this Agreement.

3. **Agreement to Disclosure of Insurance, Medical or other Personal Information by Seller and Insured.**

3.1  Although the Seller and Insured will deal with and be contacted by LPI, it is important to note that LPI acts as the purchasing agent for numerous Clients throughout the world. For this transaction, a small number of these Clients will become the actual owners of the Policy.

3.2  In order to facilitate this transaction, it will be necessary for LPI to disclose to our Clients who purchase an interest in the Policy, as well as to other potential interested parties, identifying information about the Insured as well as medical and insurance information. This identifying information is disclosed both before and after the Closing Date, but is necessary in order to verify that the transaction has occurred, that the Clients' funds have been used for the proper purpose, to prevent fraud, to comply with laws, or to effectuate the life settlement transaction. All medical, financial, and personal information solicited or obtained pursuant to this life settlement transaction, including the identity of the Seller and Insured and the identity of family members or significant others, is confidential. The information shall not be disclosed to any person unless disclosure is necessary to effect the life settlement between the Seller and Insured and LPI and its Clients or is necessary to maintain the enforceability of the policy and monitor the Insured in order to ensure that a claim for the death benefits of the policy can be made upon the demise of the Insured. Accordingly, the Seller and Insured affirm that they consent to the disclosure of their identity and financial or medical information provided to their broker and/or Life Partners, Inc. for the limited purposes set forth above or as otherwise allowed or required by law. Each of LPI's Clients and other recipients of any confidential information receive any identifying, medical, or financial information on a confidential basis and agree not to disseminate it.

> 3.3. **IMPORTANT: SELLER AND INSURED MUST AGREE TO THE ABOVE DISCLOSURE OF THEIR IDENTIFYING INFORMATION AS WELL AS MEDICAL AND INSURANCE INFORMATION. SELLER AND INSURED UNDERSTAND AND AGREE TO THIS DISCLOSURE AND UNDERSTAND THAT THE IDENTITY OF ANY CLIENTS WHO PURCHASE AN INTEREST IN THE POLICY WILL, UPON REQUEST, BE CONVEYED TO INSURED AND/OR SELLER PRIOR TO THE CLOSING DATE. FAILURE OR REFUSAL TO AGREE TO THE ABOVE DISCLOSURE OF CONFIDENTIAL INFORMATION WILL VOID THIS AGREEMENT AND THE TRANSACTION WILL NOT BE COMPLETED.**

4. **Covenants and Representations of Seller**

4.1.  Seller represents to LPI and its Clients that Seller is the owner of the Policy, free and clear of any and all liens, charges, or encumbrances, except those encumbrances which are disclosed in writing to LPI by the Insurer.

4.2.  **Seller** represents to LPI and its Clients that all of the information contained in the application and all other informational materials provided to LPI by **Seller** (collectively "the Application") is complete and accurate.

4.3.  Seller represents to LPI and its Clients that the Insured, if different from Seller, consents to this Agreement.

4.4.  **Seller** represents to LPI and its Clients that **Seller** has a full and complete understanding of: (i) this Agreement; and (ii) the benefits of the Policy.

4.5.  Seller represents to LPI and its Clients that Seller has entered into this Agreement and executed it freely and voluntarily and that Seller is of sound mind and not subject to any constraint or undue influence.

FORM LSPA-CA                                                                                                                                          PAGE 2

**Life Partners, Inc.**  204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

4.6. **Seller** covenants to LPI and its Clients that **Seller** shall take such action as may be necessary, including executing all such documents as may be required by the Insurer, to complete the transfer of ownership and change of designation of the beneficiary of the Policy as contemplated by this Agreement, and **Seller** shall cooperate in any way requested by LPI or its Clients to assist LPI or its Clients in keeping the Policy in force.

4.7. **Seller** covenants to LPI and its Clients that, upon the request of LPI or its Clients, **Seller** shall execute releases and authorizations from time to time, permitting or authorizing LPI or its Clients to obtain current medical information regarding the Insured.

4.8. **Seller** represents to LPI and its Clients that no covenant or representation by **Seller** contained in any application for the Policy, or otherwise made to the Insurer, contained any untrue statement of a material fact, or omitted to state a material fact necessary to make such covenant and/or representation not misleading in light of the circumstances under which such statement(s) were made.

4.9. **Seller** represents to LPI and its Clients that no employee, agent, or affiliate of LPI induced, influenced, or otherwise assisted **Seller** (either directly or by referral) in the purchase of the policy.

4.10. **Post-Transaction Contact:**

   a. The Insured may designate any individual of legal age in regular contact with the Insured as a contact for inquiries about the Insured's health status upon written notice providing the name, address and telephone number of the individual. The Insured may change this designation at any time upon written notice to LPI. If such a designation is made, LPI shall not contact the Insured or Seller for health status information about the Insured, unless LPI is unable, after diligent effort, to contact the designee for more than 30 calendar days, subject to the following restrictions: After the Closing Date, LPI shall not contact the Insured, the Seller or the Insured's designee more frequently than every month if the Insured's life expectancy is 1 year or less and no more than once every 3 months if the Insured's life expectancy is more than one year.

   b. **After this transaction has closed, the Insured or the Insured's designee will be contacted by LPI.** Our address is: P.O. Box 20034, Waco, TX 76702. Our telephone number is: **800-667-9019.** Our e-mail address is lpardo@lifepartnersinc.com. LPI will advise Seller if there is any change in this information. Seller agrees and promises to inform LPI of any change in personal information of the Insured, including address, telephone number, employment status, or attending physician information. Seller further agrees and acknowledges that this provision may be enforced by specific performance or injunctive relief issued by any court of competent jurisdiction. Seller acknowledges that LPI and its Clients may at its discretion from time to time, in accordance with the restrictions set forth above, contact Seller and/or the Insured as well as caregivers, family members or other persons designed as a contact person by the Insured for confirmation of such information.

5. **Covenants of LPI.**

5.1. LPI covenants to Seller (and the Insured if different from Seller) that LPI shall maintain identifying and medical information concerning the Insured in confidence and that such information shall not be disclosed by LPI except under the conditions set forth in section 3 of this Agreement or as otherwise allowed or required by law.

**Life Partners, Inc.**  204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

5.2. LPI covenants to Seller (and the Insured if different from Seller) that upon receipt of properly executed documents to effect the transfer of the policy it shall place the proceeds of the settlement with an escrow agent to be placed into an escrow account in a financial institution that is a member of the Federal Deposit Insurance Corporation (FDIC), where such proceeds shall remain until the proceeds are disbursed to the Seller upon acknowledgment of the transfer of the policy by the issuer of the policy.

6. **Rescission.**

6.1. <u>Before Closing Date</u>: Seller may, without any further obligation or penalty under this Agreement, rescind its agreement to sell the Policy under this Agreement for any reason prior to the Closing Date by notifying LPI of such rescission and returning any premiums, loans, or loan interest relating to this life settlement transaction or the Policy that have been paid or advanced by LPI, its Clients, or the Escrow Agent. Likewise, LPI may, without any further obligation or penalty under this Agreement, rescind its offer to purchase the Policy under this Agreement for any reason and at any time prior to the Closing Date by notifying Seller of such rescission, and any such rescission by LPI shall require Seller to return any premiums, loans, or loan interest relating to this life settlement transaction or the Policy that have been paid or advanced by LPI, its Clients, or the Escrow Agent.

6.2. <u>After Closing Date</u>: Seller may rescind its agreement to sell the Policy within 30 calendar days of the date it is executed by all parties hereto and Seller has received all required disclosures, or 15 calendar days after the Closing Date (the "Rescission Period"), whichever is sooner. Such Rescission is effective only if both notice of rescission is given and the Seller repays all proceeds set forth in Paragraph 2.1, along with any premiums, loans, and loan interest that have been paid by LPI or any purchasers, to the Escrow Agent before the end of the last day of the Rescission Period. If Seller elects the right to rescind its agreement, LPI's rights or interest in the policy will terminate immediately upon Seller providing notice of the rescission and tendering all proceeds set forth in Paragraph 2.1, along with any premiums, loans, and loan interest that have been paid by LPI or any purchasers and any escrow interest received by Seller. After a valid rescission and a return of all proceeds, LPI will execute any documents necessary to have the Policy placed back in Seller's name with the insurance company.

6.3. <u>Automatic Rescission</u>: If the Insured dies at any time prior to the end of the Rescission Period, the transaction shall be deemed to have been rescinded by operation of law and LPI shall refund the death benefit or direct that payment under the policy be paid to the beneficiaries set forth in this agreement or subsequently nominated in writing by the Seller. **A REFUND OF THE DEATH BENEFIT UNDER THIS PARAGRAPH IS SUBJECT TO REPAYMENT TO THE ESCROW AGENT OF ALL PROCEEDS PAID UNDER PARAGRAPH 2.1 ABOVE AND ANY PREMIUMS, LOANS, AND LOAN INTEREST THAT HAVE BEEN PAID BY LPI OR THE PURCHASERS.**

7. **Miscellaneous.**

7.1. In the event that the Seller has retained a beneficial interest in any amount of proceeds paid under the Policy (which retention shall be evidenced by a special rider attached to this agreement and signed by the Parties), LPI shall effect the transfer of the amount of the net death benefit only to the extent or portion of the amount sold. Benefits in excess of the amount that is sold will be paid by the insurance company directly to the beneficiary(ies) nominated by Seller below and, upon acknowledgment of the perfection of the transfer, LPI will advise Seller that the insurance company has confirmed Seller's remaining interest in the policy. LPI may require Seller to reimburse it for premiums attributable to the retained interest and Seller hereby grants to LPI a lien on the proceeds from the retained interest in order to secure such reimbursement.

7.2. If the Policy contains a provision, whether in the Policy or attached by rider to the Policy, providing an additional death benefit for accidental death, the additional death benefit for accidental death shall remain payable

FORM LSPA-CA                                                                                                                   PAGE 4

## Life Partners, Inc.

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

to: (i) such beneficiary(ies) as Seller may designate in this agreement or any amendment thereto made by Seller subsequent to entering into this Agreement, and prior to the Insured's death; or, if no such designation is made or such beneficiary predeceases the Insured, (ii) the beneficiary(ies) last named by Seller prior to entering into this Agreement according to the records of the insurance company or, in the absence of such a designation (iii) to Seller (if different than the Insured) or to the estate or other successor in interest of Seller (if Seller is also the Insured).

7.3.     **Nomination of Beneficiary(ies):** In the event proceeds are payable to a beneficiary nominated by Seller, either by a rider to this agreement as set forth in paragraph 7.1 or under the provisions of paragraphs 6.3 or 7.2, Seller hereby designates the following person(s) as beneficiary(ies) of such proceeds:

_On Policy_____
Name                                               SS#

_____
address                              city                       state           zip

_____
telephone                            fax                              e-mail

(If more than one beneficiary is designated, use a separate sheet and attach to this agreement and indicate the percentage of beneficial interest — if no percentage of beneficial interest is made, the percentage will be made on an equal basis between the nominated beneficiaries).

Seller retains for life the right to change or revoke the above-referenced designation by communicating such change or revocation in writing to Escrow Agent and LPI. If a beneficial interest is retained in the policy under a rider to this agreement, LPI shall instruct the Issuer to pay such retained beneficial interest to the beneficiary(ies) designated above or pursuant to such instructions as Seller may hereafter issue to LPI and Escrow Agent.

7.4     Notice: Any notice which is required to be made under this agreement shall be made in writing, either by mail, courier receipted carrier or by facsimile.

IF TO LPI:            Life Partners, Inc.
                      204 Woodhew Dr.
                      Waco, TX 76712     (254) 751-1025 (fax)

IF TO ESCROW AGENT:   **Advanced Trust & Life Escrow Services, LTA**
                      **P.O. Box 24207**
                      **Waco, TX 76702**

IF TO SELLER:         Redacted

7.5.    Seller's Application for the sale of the Policy, including any amendments and attached papers (whether submitted directly or through a Life Settlement Broker) and the Policy are incorporated into and made a part of this Agreement.

FORM LSPA-CA                                                                              PAGE 5

**Life Partners, Inc.**  204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

7.6. This Agreement constitutes the entire understanding and agreement between the Parties, and supersedes any and all prior or contemporaneous representations, understandings and agreements between the Parties with respect to the subject matter of this Agreement, all of which are merged in this Agreement. No change to this Agreement shall be valid until approved by an executive officer of LPI with authority to bind LPI and such approval is endorsed on the contract itself or is attached to this Agreement. No person, other than an executive officer of LPI, has the authority to change this Agreement or to waive any of its provisions. In the absence of fraud, all statements made by the Seller and/or the Insured, including statements made by a Life Settlement Broker representing the Seller and/or the Insured, shall be deemed representations and not warranties.

7.7. Because a life settlement is a transfer of your interest in a life insurance policy, neither you nor any current beneficiary will have any further rights in the policy. This means that you are no longer responsible for payment of premiums on the policy, **unless you have retained a beneficial interest in the proceeds paid under the policy or, if payroll deductions cannot be discontinued (such as FEGLI policies), in which case the offer will reflect the continuing payroll deduction.** In that event, you are responsible for the pro-rata portion of the premiums necessary to maintain the coverage in which you have retained an interest. **After you complete this transaction, you will no longer have any interest in or control over the policy. Any and all proceeds paid out under the terms of the policy, including any accumulated values, interest, dividends, riders or other provisions insuring the lives of a spouse, family members or anyone else other than you or any other proceeds paid by the insurance company except for additional indemnity for accidental death will go to the beneficiary designated by LPI, not by you.** If the policy is a joint policy or contains riders or other provisions insuring the lives of a spouse, dependents, or anyone else other than the life settlor, there may be a possible loss of coverage and the life settlor or owner should contact their insurance company or their insurance agent to determine if the coverage may be converted in order to avoid losing the coverage. If the policy contains a guaranteed insurability option, the option may only be exercised for the benefit of a person who has an insurable interest in the life to be insured. Under this Agreement LPI does not obligate itself to purchase any additional policy proceeds under any guaranteed insurability option, to exercise any guaranteed insurability option, to aid the Seller in exercising any guaranteed insurability option, or to pay any premiums on behalf of the Seller should the Seller be allowed by the Issuer to exercise any guaranteed insurability option.

7.8. In the event that any provision of this Agreement is found invalid or unenforceable pursuant to judicial decree or decision, the remainder of this Agreement shall remain valid and enforceable according to its terms.

7.9. LPI and its Clients retain the right to assign, sell, or otherwise transfer the policy that is the subject of this transaction to a person unknown to the Seller or the Insured and may do so without further consideration to or the consent of the Seller or the Insured. However, post-transaction contact regarding the health status of the Insured will continue to be made by LPI or another entity licensed to do so in accordance with applicable regulations. In the event post-transaction contact will be conducted by a person or entity other than LPI, Seller and/or the Insured will be advised of such a change and will be given the name, address and telephone number of the person or entity conducting the post-transaction contact.

7.10. It is not the intention of this Agreement or of the Parties to confer a third party beneficiary right of action upon any third party or entity whatsoever other than any Client of LPI on whose behalf this transaction was entered into who shall be a third party beneficiary of this Agreement, and nothing set forth in this Agreement shall be construed so as to confer upon any third party or entity other than such Client a right of action under this Agreement or in any manner whatsoever.

7.11 The Parties hereby acknowledge that LPI has not provided Seller any advice regarding the income, death or gift tax effects of this Agreement but has suggested to Seller that Seller consult with Seller's own tax counsel regarding any tax consequences of this transaction.

FORM LSPA-CA                                                                                       PAGE 6

**Life Partners, Inc.**　　　204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
　　　　　　　　　　　　　　fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

7.12　Any person who knowingly presents false information in an application for insurance or a life settlement contract may be subject to criminal or civil liability.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the date above written.

Redacted
Redacted

LIFE PARTNERS, INC.

By _____
　　　Corporate Officer

FORM LSPA-CA　　　　　　　　　　　　　　　　　　　　　　　　　　　PAGE 7

**Life Partners, Inc.**

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

## ACKNOWLEDGMENT FORM FOR LIFE SETTLEMENTS

Redacted hereby acknowledge(s) that the following are true representations:

1. The Insured **does not have** a terminal or chronic illness and condition

2. **The life settlor** has a full and complete understanding of the life settlement contract and the benefits of the life insurance policy assigned in this transaction and consent to this transaction.

3. The life settlement contract is being entered into freely, knowingly and voluntarily.

4. Seller shall execute all documents as may be required by the Insurer to complete the transfer of ownership and change of designation of the beneficiary of the Policy as contemplated by this Agreement and shall cooperate in any way requested by LPI or its Clients to assist LPI or its Clients in keeping the Policy in force.

5. Insured, upon the request of LPI or its Clients, shall execute releases and authorizations from time to time, permitting or authorizing LPI or its Clients to obtain current medical information regarding the Insured.

Witness my/our hand(s) this 29 day of Oct., 20 11.

Redacted
Redacted

**STATE OF** _____    §
                                §
**COUNTY OF** _____    §

Before me, the undersigned authority, on this day personally appeared **Andrew J Colace** known to me to be the person(s) whose name(s) is/are subscribed to the foregoing instrument, and acknowledged to me that the named person(s) executed the same for the purposes and considerations therein expressed, in the capacities therein stated, and as the act and deed of said **life settlor**.

Given under my hand and seal of office this _____ day of _____, 20_____.

(SEAL)

_____
(Signature of Notary Public)

_____
Typed or Printed Name of Notary Public

My commission expires: _____

**FORM ACK-CA**

*Acknowledgment form for life settlements (life partners, inc)*

# ACKNOWLEDGMENT

State of California
County of __Los Angeles__ )

On __October 29, 2011__ before me, __Everlyn Chau, a Notary Public__
(insert name and title of the officer)

personally appeared __Ar Redacted__ _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

EVERLYN CHAU
Commission # 1944013
Notary Public - California
Los Angeles County
My Comm. Expires Jul 14, 2015

Signature _____ (Seal)