# EXHIBIT G

# *Life Partners, Inc.*

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

<span style="color:red">Redacted</span>  **LIFE TRUST**

### ARTICLE I - TRUST ESTATE

#### Transfer in Trust

1.01.    The Settlor has transferred and delivered to the Trustee, subject to the fulfillment of all terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith and upon the terms and subject to the uses and purposes hereinafter set forth, the following property which shall constitute the Trust Estate:

Life insurance policy number <span style="color:red">Redacted</span>       issued by **MetLife Investors USA Insurance Company** on the life of        <span style="color:red">Redacted</span> (hereafter "the Policy") the receipt of which is hereby acknowledged by Trustee.

#### Release of All Rights in Insurance Policy

1.02.    The Settlor hereby releases to the Trustee all rights of ownership in the insurance policy described in Section 1.01, subject to the fulfillment of all terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith and relating to the Policy.

### ARTICLE II - IRREVOCABILITY OF TRUST

This Trust shall be irrevocable and shall not be altered, amended, revoked, or terminated by the Settlor or any other person. This Trust is to be a custodial trust only; **provided, however,** that this trust shall have no force or effect until all of the terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith have been fulfilled.

### ARTICLE III - TRUSTEE'S RIGHTS IN POLICIES

The Trustee shall be vested with all rights, powers, options, and privileges in and to the Policy which is the Trust Estate, but Trustee may exercise only those powers, options, and privileges as set forth in Article VIII herein. The Settlor agrees to execute any and all instruments necessary to permit the Trustee to exercise any rights, powers, options, or privileges which Settlor may have under the Policy.

### ARTICLE IV - BENEFICIARY UNDER THIS TRUST

The beneficiary of this trust shall be **Advance Trust & Life Escrow Services, LTA** its successors and assigns. Neither the Settlor nor the Trustee shall have any right to change this designation without the express consent of **Advance Trust & Life Escrow Services, LTA.**

### ARTICLE V - PAYMENT OF PREMIUMS AND INSURANCE PROCEEDS

5.01.    The duty and responsibility for the payment of premiums and other charges on said policies of insurance shall rest on the beneficiary of this trust from funds escrowed for that purpose. In the event said escrow fund shall be insufficient to pay such premiums, the trustee may advance funds to said escrow fund or may require said funds be provided by any secured party to whom the Trust may be indebted in so that such party may protect its interest in the collateral. The duty and responsibility to have the Policy made payable to said beneficiary under this Agreement shall rest solely on the Settlor which he agrees to do forthwith. The Trustee shall not be obligated for the care or safekeeping of Policy prior to its delivery. This Trust shall be known as "THE TRUST."

**FORM LT**

*Life Partners, Inc.*

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

### Collection of Insurance Proceeds

5.02.    On the death of the insured, the Trustee shall take all necessary steps to see that the Beneficiary collects the proceeds of such insurance policies. To facilitate the prompt collection of such sums, the Trustee shall assist the Beneficiary in the completion of claim forms, shall furnish the necessary proofs of death to the respective insurance companies, and is authorized and empowered to do any and all things which in its discretion are necessary to collect such proceeds, including, but not limited to, the following powers:

(1)    To execute and deliver all other necessary papers;

(2)    To compromise or adjust any disputed claim in such manner as the Trustee deems just;

(3)    To bring suit on the Policy if payment under the Policy is contested by the insurer, and to pay all expenses of any such suit, including attorneys' fees, from the principal of the Trust Estate, or from any other insurance proceeds, provided always that the Trustee shall be under no obligation or duty to bring suit unless he deems it advisable, and unless he shall have either adequate funds with which to pay the expenses of such suit or indemnification to his satisfaction against any loss, liability, or expenses which may be incurred in bringing such suit.

### ARTICLE VI - TERMINATION OF TRUST

Upon the death of the insured, the Trustee shall pay or cause to be paid all note(s) of the Trust according to the terms of such note(s). Upon such payment and extinguishment of the Trust Estate, all obligations of the Trustee herein shall cease and the trust shall be extinguished.

### ARTICLE VII - APPOINTMENT OF TRUSTEE

Brian D. Pardo is appointed Trustee under this instrument. If at any time said Trustee is unable or unwilling to serve as Trustee, Brian D. Pardo may designate a successor Trustee under this instrument. The original Trustee and any successor or substitute Trustee named herein shall serve without bond. Except as otherwise expressly indicated, each successor or substitute Trustee shall have all the powers and immunities herein given to the original Trustee.

### ARTICLE VIII - POWERS OF THE TRUSTEE

8.01.    The Trustee shall have the power and discretion to do all such acts to accomplish the following:

(1)    To execute any notes on behalf of the Trust and to pledge all or a portion of the Trust Estate as collateral for any said note of the Trust.

(2)    To enter into any agreements or contracts in connection with the execution of any ownership rights under the life insurance policy which serves as the Trust Estate.

(3)    To enter into any agreements or execute any instructions to facilitate the transfer of ownership of any asset of the Trust Estate.

(4)    To enter into any agreements or execute any instructions to facilitate the payment of death benefits under the life insurance policy which serves as the Trust Estate.

**FORM LT**

Questys

*Life Partners, Inc.*

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

## Instruments

8.02.    The Trustee is authorized to execute and deliver all necessary or proper instruments in order to fulfill its duties under the trust.

## Trustee's Discretion

8.03.    All discretion granted to or vested in the Trustee by any provision of this instrument is to be exercised in the sole and absolute discretion of the Trustee.

## ARTICLE IX - DEFINITIONS

9.01.    Where necessary or appropriate to the meaning hereof, the singular and plural shall be interchangeable, and words of any gender shall include all genders.

## ARTICLE X - INTERPRETATION AND ENFORCEMENT

### Notice of Events

10.01.   Until the Trustee shall have received written notice of any birth, death, or other event on which the right to receive payment from the Trust Estate may depend, he shall incur no liability for disbursements or distributions theretofore made in good faith.

### Exercise of Discretion

10.02.   Where under this Agreement the Trustee is granted discretion, his discretion shall be sole and absolute and any action taken or refrained from by it in good faith shall be binding and conclusive on all persons and corporations interested herein.

### Situs

10.03.   The Trust is established by the Settlor and accepted by the Trustee under the laws of the State of Texas, and all questions concerning its validity, construction, and administration shall be determined under the laws of such State.

IN WITNESS WHEREOF, this Trust Agreement has been signed by the Settlor and the Trustee on October 28, 2011.

TRUSTEE                                    SETTLOR

                       Redacted

BY:    _____
       Brian D. Pardo

**FORM LT**

Questys



204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

Redacted                                          .IFE TRUST

## ARTICLE I - TRUST ESTATE

### Transfer in Trust

1.01. Life Partners, Inc., as agent for its clients, (hereinafter "Settlor") has transferred and delivered to the trustee designated in Article VII below (hereinafter "Trustee"), subject to the fulfillment of all terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith and upon the terms and subject to the uses and purposes hereinafter set forth, the following property, which constitutes the Trust Estate:

Various fractionalized interests, as directed by the clients of Life Partners, Inc. who desire to have their Individual Retirement Account purchase a note which is secured by such interests, of Life Insurance Policy No. 92488880 issued by **Transamerica Life Ins Co** on the life of Redacted (hereafter "the Policy") the receipt of which is hereby acknowledged by Trustee.

### Release of Rights in Insurance Policy

1.02. The Settlor hereby releases to the Trustee all rights of ownership in the fractionalized interests of the Policy, which comprise the Trust Estate, subject to the fulfillment of all terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith and relating to the Policy.

## ARTICLE II - IRREVOCABILITY OF TRUST

This trust (hereinafter "Trust") is irrevocable and will not be altered, amended, revoked, or terminated by the Settlor or any other person. This Trust is to be a custodial trust only; **provided, however,** that this Trust will have no force or effect until all of the terms and conditions of the Life Settlement Purchase Agreement and Life Settlement Escrow Agreement of even date herewith have been fulfilled.





204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

## ARTICLE III - TRUSTEE'S RIGHTS IN POLICIES

The Trustee is hereby vested with all rights, powers, options, and privileges in and to the fractionalized interests of the Policy, which comprise the Trust Estate, but the Trustee may exercise only those powers, options, and privileges set forth in this Trust Agreement. The Settlor agrees to execute any and all instruments necessary to permit the Trustee to exercise any rights, powers, options, or privileges which Settlor may have under the Policy.

## ARTICLE IV - BENEFICIARY UNDER THIS TRUST

The beneficiary of this trust is **Advance Trust & Life Escrow Services, LTA** (hereinafter "Beneficiary"), its successors and assigns. Neither the Settlor nor the Trustee will have any right to change this designation without the express consent of the Beneficiary.

## ARTICLE V - PAYMENT OF PREMIUMS AND INSURANCE PROCEEDS

5.01. The duty and responsibility for the payment of premiums and other charges on the Policy rests on the Beneficiary of this Trust from funds escrowed for that purpose. In the event said escrow fund becomes insufficient to pay such premiums, the Trustee or his designee may advance funds to said escrow fund or may require said funds be provided by any secured party to whom the Trust may be indebted so that such party may protect its interest in the collateral. The duty and responsibility to have the Policy made payable to said Beneficiary under this Agreement rests solely on the Settlor, which it agrees to do forthwith. The Trustee will not be obligated for the care or safekeeping of the fractionalized interests in the Policy, which comprise the Trust Estate, prior to their delivery.



204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

<u>Collection of Insurance Proceeds</u>

5.02.    On the death of the individual whose life is insured by the Policy (hereinafter "Insured"), the Trustee or his designee shall take all necessary steps to see that the Beneficiary collects the proceeds of such insurance policies.   To facilitate the prompt collection of such sums, the Trustee or his designee shall assist the Beneficiary in the completion of claim forms, shall furnish the necessary proofs of death to the respective insurance companies, and is authorized and empowered to do any and all things which in its discretion are necessary to collect such proceeds, including, but not limited to, the following powers:

(1)   To execute and deliver all other necessary papers;

(2)   To compromise or adjust any disputed claim in such manner as the Trustee deems just;

(3)   To bring suit on the Policy if payment under the Policy is contested by the insurer, and to pay all expenses of any such suit, including attorneys' fees, from the principal of the Trust Estate, or from any other insurance proceeds, provided always that the Trustee will be under no obligation or duty to bring suit unless he deems it advisable, and unless he has either adequate funds with which to pay the expenses of such suit or indemnification to his satisfaction against any loss, liability, or expenses which may be incurred in bringing such suit.

## ARTICLE VI - TERMINATION OF TRUST

Upon the death of the Insured, the Trustee shall pay or cause to be paid all note(s) of the Trust according to the terms of such note(s).   Upon such payment and extinguishment of the Trust Estate, all obligations of the Trustee herein will cease and the trust will be extinguished.

## ARTICLE VII - APPOINTMENT OF TRUSTEE

Brian D. Pardo is appointed Trustee under this instrument.   If at any time said Trustee is unable or unwilling to serve as Trustee, Brian D. Pardo may designate a successor Trustee under this instrument.   In the event Brian D. Pardo is unable to designate a successor Trustee, the Settlor may designate such a successor Trustee.   The original Trustee and any successor or substitute Trustee named herein will serve without bond.   Except as otherwise expressly indicated, each successor or substitute Trustee will have all the powers and immunities herein given to the original Trustee.

## ARTICLE VIII - POWERS OF THE TRUSTEE

8.01.    The Trustee has the power and discretion to do all such acts to accomplish the following:

(1)   To execute any notes on behalf of the Trust and to pledge all or a portion of the Trust Estate as collateral for any said note of the Trust.

(2)   To enter into any agreements or contracts in connection with the execution of any ownership rights under the Policy.

(3)   To enter into any agreements or execute any instructions to facilitate the transfer of ownership of any asset of the Trust Estate.

(4)   To enter into any agreements or execute any instructions to facilitate the payment of death benefits under the Policy.

<u>FORM LT - PAGE 3</u>



LPI
LIFE PARTNERS INC

204 Woodhew Dr. • Waco, Texas 76712 • phone: 800-368-5569
fax: 254-751-1025 • e-mail: questions@lifepartnersinc.com

### Instruments

8.02.    The Trustee is authorized to execute and deliver all necessary or proper instruments in order to fulfill its duties under the Trust.

### Trustee's Discretion

8.03.    All discretion granted to or vested in the Trustee by any provision of this instrument is to be exercised in the sole and absolute discretion of the Trustee.

### ARTICLE IX - DEFINITIONS

9.01.    Where necessary or appropriate to the meaning hereof, the singular and plural are interchangeable, and words of any gender include all genders.

### ARTICLE X - INTERPRETATION AND ENFORCEMENT

### Notice of Events

10.01.    Until the Trustee has received written notice of any birth, death, or other event on which the right to receive payment from the Trust Estate may depend, he will incur no liability for disbursements or distributions theretofore made in good faith.

### Exercise of Discretion

10.02.    Where under this Trust Agreement the Trustee is granted discretion, his discretion will be sole and absolute and any action taken or refrained from by it in good faith will be binding and conclusive on all persons and corporations interested herein.

### Situs

10.03.    The Trust is established by the Settlor and accepted by the Trustee under the laws of the State of Texas, and all questions concerning its validity, construction, and administration will be determined under the laws of such State.


IN WITNESS WHEREOF, this Trust Agreement has been signed by the Settlor and the Trustee on September 04, 2014,

TRUSTEE                                              SETTLOR

                                                     Life Partners, Inc., as agent for its clients

BY: _____                         _____
        Brian D. Pardo                               Authorized Representative