

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed May 4, 2016**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-40289-rfn11 |
| LIFE PARTNERS HOLDINGS, INC., | § | |
| *et. al.* | § | JOINTLY ADMINISTERED |
| | § | (Chapter 11) |
| Debtors. | § | |

### ORDER APPROVING DISCLOSURE STATEMENT
### FOR SECOND AMENDED JOINT PLAN OF REORGANIZATION
### OF LIFE PARTNERS HOLDINGS, INC. ET AL

Came to be considered the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Life Partners Holdings, Inc. et al., Pursuant to Chapter 11 of the Bankruptcy Code*, (as amended, modified, and supplemented, the "Disclosure Statement")[1] filed by H. Thomas Moran II (the "Chapter 11 Trustee") on behalf of Life Partners Holdings, Inc., Life Partners, Inc., LPI Financial Services, Inc., and the Official Committee of Unsecured Creditors (collectively, the "Plan Proponents") and the *Joint Motion to Approve (I) Disclosure Statement for Second Amended Joint Plan of Reorganization of Life Partners Holdings, Inc. Et Al.*

---

[1] Dkt. No. 2065. Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the Disclosure Statement

*Pursuant to Chapter 11 of the Bankruptcy Code; (II) Form of Ballots and Solicitation, Voting, Balloting, and Election Procedures; (III) Procedures Relating to the Confirmation of the Plan; and (IV) Other Relief Relating to Plan Solicitation and Plan Confirmation Process* filed by the Plan Proponents (the "<u>Solicitation Motion</u>").[2] A hearing to consider approval of the Disclosure Statement pursuant to Bankruptcy Code Section 1125 and the Solicitation Motion was held before the Court on April 18, 2016 (the "<u>Hearing</u>"). Having reviewed and considered the Disclosure Statement, the objections to the approval of the Disclosure Statement submitted to the Court (the "<u>Objections</u>"), the agreements announced on the record at the Hearing, which agreements are reflected in the Disclosure Statement, the arguments of counsel and various stakeholders presented at the Hearing, and the record in these Cases, the Court finds that: (i) jurisdiction over the Disclosure Statement is proper pursuant to 28 U.S.C. §§ 1334 and 157; (ii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) proper and adequate notice of the Disclosure Statement and the Hearing have been provided and no further notice is needed; (iv) all Objections to approval of the Disclosure Statement have been either withdrawn or overruled by the Court at the Hearing; (v) the Disclosure Statement contains "adequate information" as required by Bankruptcy Code Section 1125; and (vi) good and sufficient cause exists for approving the Disclosure Statement as stated on the record at the Hearing. It is, therefore:

**ORDERED** that the Disclosure Statement is hereby approved pursuant to Bankruptcy Code Section 1125 for the reasons, and to the extent, stated on the record at the Hearing; it is further

**ORDERED** that the hearing to consider the additional relief requested by the Solicitation Motion is hereby CONTINUED; it is further

**ORDERED** that approval of the Solicitation Motion and certain other limited matters related to the Disclosure Statement shall be considered, as explained at the Hearing, at 9:30 a.m.

---

[2] Dkt. No. 1694.

(central standard time) on May 19, 2016 or at such other later date as directed by the Court, and ballots shall not be sent regarding the Plan pending further Order of the Court with respect to such matters.

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| **THOMPSON & KNIGHT LLP** | **MUNSCH HARDT KOPF & HARR, P.C.** |
| By:   /s/ David M. Bennett | By:   /s/ Joseph J. Wielebinski (with permission) |
| David M. Bennett | Joseph J. Wielebinski |
| **ATTORNEYS FOR CHAPTER 11 TRUSTEE H. THOMAS MORAN II AND SUBSIDIARY DEBTORS** | **ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| | **COUNSEL FOR CERTAIN IRA INVESTORS** |

APPROVED AS TO FORM:

| | |
|---|---|
| **LANGSTON LAW FIRM** | |
| By:   /s/ Keith L. Langston (with permission) | **THE WILEY LAW GROUP, PLLC** |
| Keith L. Langston | By:   /s/ Kevin S. Wiley, Sr (with permission) |
| **ATTORNEYS FOR LEAD PLAINTIFFS AND CLASS ACTION PLAINTIFFS** | Kevin S. Wiley, Sr. |
| | **COUNSEL FOR AMICUS CURIAE HOLDERS OF LIFE PARTNERS FRACTIONAL INTERESTS** |
| **ERLER PC** | |
| By:   /s/ Jeffrey Erler (with permission) | |
| Jeffrey R. Erler | |