IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-40289-mxm11 |
| | § | |
| LIFE PARTNERS HOLDINGS, INC., *et. al.* | § § | JOINTLY ADMINISTERED |
| | § | |
| Reorganized Debtors | § § § | (Chapter 11) |



FILED

JUL 2 6 2022

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

MOTION FOR RECUSAL

In the spirit of judicial economy Michael R. LaMothe, pro se, seeks to file this Motion for Recusal (FRCP 18(a)) as an additional Movant in Case No. 15-40289-mxm-11.

Mr. LaMothe has reviewed all facts that pertain to Mr. Pardo's Motion for Recusal that have been submitted by Mr. Pardo in the Ft. Worth court. This Motion for Recusal has been overwhelmingly substantiated as part of over 203 pages of documents submitted with the U.S. District Court in New Haven, CT (Case 3:20-cv-01028-CSH) as well as the Civil Rights violations set forth in the Motion for Appeal in this Second Circuit Court, New York. None of which could be refuted by the defense.

Judge Mullins is not impartial and demonstrates his flagrant disrespect of the law by not recusing himself considering the overwhelming evidence presented.

## TABLE OF CONTENTS

1) Motion for Recusal Overview                page 1
2) Table of Contents                          page 2
3) Argument                                   page 3
4) Case References                            page 8
5) Conclusion                                 page 9
6) Prayer                                     page 10

## ARGUMENT

According to 28 U.S. Code § 455 section (a)(b)(1) Judge Mullins is required to recuse himself from this bankruptcy. Judge Mullins has substantial knowledge of the multiple violations of existing laws by numerous parties, all clearly enumerated in multiple filings, including his predecessor, Judge Russell Nelms. The overwhelming evidence of illegal improprieties by Judge Russell Nelms has been described in accurate detail in these filings and has not been disputed.

Judge Mullins personal bias and prejudice against Mr. LaMothe and the multitude of facts surrounding LaMothe's request for the SEC reporting on the 18-month period in question, was clearly evident from the start of the proceeding and continued throughout. Accordingly, Judge Mullins must "…disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

Judge Mullins is legally forced to recuse himself pursuant to the ruling by the U.S. Seventh Circuit Court of the United States. In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) the court ruled, "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. … It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."

In addition, in Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23, the 7th Circuit further stated, "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.")

An initial filing was previously submitted in Judge Mullins court by Mr. LaMothe. That filing was made requesting Judge Mullins require the production of the SEC required reporting for the 18-month period during which time the original government appointed trustee to the LPHI bankruptcy, H. Thomas Moran, along with David Bennett of the Thompson & Knight law firm orchestrated and carried the theft of over $1 Billion of investor assets.

This theft of investor assets would not have been possible without the illegal and unwarranted acts of the SEC's Jessica Mcgee and the assistant Trustee, Lisa Lambert. The facts and violations of over 32 laws on over 382 separate occasions were initiated by these two women as representatives of the U.S. Government yet could not have proceeded without the knowledge and complicity of Judge Russell Nelms.

Rather than addressing the issues presented in his court, Judge Mullins instead wasted that time defending Judge Nelms' character. The filing made was based on

facts and the illegal activities of both Judge Nelms and the various co-conspirators in the massive bankruptcy fraud once LPHI had been forced into bankruptcy initially based on information provided by whistleblower Mr. John McPherson of MMS Advisors. Mr. McPherson was later denied the whistleblower fee by the same SEC that utilized that discredited information to perpetrate this fraud in the first place.

The LPHI bankruptcy and the theft of the roughly $1 Billion dollars in the initial 18 months along with the absence of any credible SEC required reporting was knowingly waved through the Bankruptcy Court by Judge Russell Nelms.

This bankruptcy could not have commenced nor proceeded without the active participation of Judge Nelms, the sole judicial representative whose job was to prevent such a calamity. Yet, it was Judge Nelms that gave the green light to the $100 million of client assets signed over the Mr. Moran's wife's company along with an additional $5 million to her company for "services rendered".

It was also Judge Nelms that gave his approval for the $50 million dollar payment to Trustee Moran for the 18 months of service in his capacity as an appointed government representative during which time, according to existing bankruptcy law, Mr. Moran was entitled to no more that $366,000.

In addition, during this same 18-month period roughly $160 million was syphoned from LPHI client assets for the benefit of Thompson & Knight under the guidance of David Bennett and with the dutiful compliance of Judge Nelms.

Judge Nelms not only knew this, but he also assisted in this massive theft. More important, Judge Mullins was made aware of these same facts along with many more yet squandered the opportunity to hold all guilty parties accountable and require the production of those SEC mandated documents.

The production of said documents would have been disastrous for the numerous parties and Judge Mullins' knowledge of that along with his refusal to mandate those documents clearly demonstrates his knowledge of and efforts conceal the specifics of the crimes committed by all involved including his fellow judge, Russell Nelms.

For these blatant and knowing violations of the very laws he was charged with upholding, Judge Mullins must recuse himself of any additional activities in advancing the No-Bid sale of the $200 million portfolio which will undoubtedly damage the thousands of victimized investors even more.

At what point can the participating judges, primarily Judge Mullins in this case, be expected to be held liable for their obvious and necessary cooperation in the massive theft allowed to proceed in this corrupt kangaroo court? Judge Mullins must recuse himself for his knowledge of the actions that led to the commencement and subsequent illegal activities in the LPHI Bankruptcy case presided over in this court?

He has been made fully aware of all known actions and misdeeds of the various defendants involved. Movant asks what was in it for them, regarding both Judge Nelms and Judge Mullins, that they would both turn a blind to such obvious corruption and theft. Certainly, doing so would taint the well -respected positions that they both hold (held in Judge Nelms' case).

The endemic issue of bankruptcy corruption is a longstanding and well-known problem in this country, so much so that former Attorney Ashcroft made it the cornerstone of his address to the Hague in 2004.

This case has proven to be a textbook example such corruption and the comfort level of the various participants, so much so they don't even attempt to conceal it. And why should they the Judges are themselves active participants.

## CASE REFERENCES

(1) Case 3:20-cv-01028-CSH, pg. 1

(2) Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), pg 3

(3) Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23, the 7th Circuit, pg 3

(4) Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). pg 4

(5) Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). pg 4

(6) United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a). pg 4

(7) Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). pg 4

(8) Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972). Pg 4

(9) Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). pg 4

(10) United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) pg 5

## CONCLUSION

Judge Mullins has full knowledge of egregious and illegal (criminal in many instances) activities that have transpired in this LPHI bankruptcy at the hands of government employees, government appointed personal and the judicial representatives themselves, Judge Mullins included.

Even under threat by Judge Mullins of a fine and the demand that Movant LaMothe not return to his court, the facts of this massive bankruptcy remain clear and overwhelming. As such, Movant LaMothe will not be bullied in to silence.

Judge Mullins must recuse himself or he will knowingly be in violation of the law as it exists, along with the reaffirmation of that law by multiple court ruling, most notably that of the 7th Circuit Court.

## PRAYER

Movant seeks the recusal of Judge Mullins for overwhelming evidence of his lack of impartiality and his bias. By doing so, victimized investors might expect an fair and reasonable open bid process to be utilized for the sale of the remaining $200 Million portfolio to the highest bidder.

Not doing so victimizes these tens of thousands of investors once again by the corrupt and illegal activities of the Bankruptcy Court in Ft. Worth, TX.

*[signature]*

Michael R. LaMothe,
Movant, Shareholder

## CERTIFICATE

I, Michael LaMothe, hereby certify that a copy of this filing has been provided to Trustee Quilling thru his attorney of record, Jeff P. Prostok, Forshey & Prostok, LLP.

/s/Michael R. LaMothe

_____