



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 27, 2022**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 15-40289-MXM11 |
| LIFE PARTNERS HOLDING, INC., | § | |
| *ET. AL.* | § | JOINTLY ADMINISTERED |
| | § | CHAPTER 11 |
| | § | |
| REORGANIZED DEBTORS. | § | |
| | § | |

### ORDER DENYING MOTIONS FOR RECUSAL
### [*Relates to ECF Nos. 4612 & 4613*]

Before the Court is the *Motion for Recusal* (the "***LaMothe Motion for Recusal***")[1] filed by Michael R. LaMothe ("***Mr. LaMothe***") and the *Motion for Recusal* (the "***Pardo Motion for Recusal***")[2] filed by Brian D. Pardo ("***Mr. Pardo***") (together, the "***Motions for Recusal***").  After carefully considering the allegations contained within the Motions for Recusal, the Court finds and concludes that the Motions for Recusal are without merit and should be denied.

---

[1] ECF No. 4612.
[2] ECF No. 4613.

The relevant portions of 28 U.S.C. § 455 provide as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;[3]

Bankruptcy Rule 5004(a) further provides:

A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.[4]

The applicable statute and rule do not expressly state whether the presiding judge or some other judge should decide a motion to disqualify. Case authority has interpreted the provisions set forth above to give the targeted judge authority (at least initially) to decide a motion to disqualify.[5]

Second, the applicable statute and rule do not expressly state what type of hearing a movant is entitled to, if any. Case authority suggests that a motion for disqualification does not necessarily confer upon a movant a right to make a record in open court, nor does it confer upon a movant a right to an evidentiary hearing.[6] The procedure for a targeted judge to follow, as set

---

[3] 28 U.S.C. § 455(a) & (b)(1).

[4] FED. R. BANKR. P. 5004(a).

[5] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (a motion to recuse is committed to the discretion of the targeted judge, and the denial of such motion will only be reversed upon the showing of an abuse of discretion); *Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*, 401 B.R. 848 (Bankr. S.D. Tex. 2009) (citing *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996)) (the targeted judge has broad discretion in determining whether disqualification is appropriate).

[6] *Lieb v. Tillman (In re Lieb)*, 112 B.R. 830, 835-36 (Bankr. W.D. Tex. 1990). See generally 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3550, at 629 (a section 455 motion can be supported by an affidavit, a verified memorandum, or a statement of facts in some form).

forth in *Levitt v. University of Texas*,[7] and as more specifically articulated in *Lieb v. Tillman*,[8] is: (a) first, the targeted judge should decide whether the "claim asserted" by the movants "rises to the threshold standard of raising a doubt in the mind of a reasonable observer" as to the judge's impartiality; (b) if not, then the judge should not recuse himself; (c) if so, another judge should "decide what the facts are," *i.e.*, hold an evidentiary hearing, and presumably then this other judge would decide whether disqualification is appropriate.

Next, with regard to evaluating a motion to disqualify, the Fifth Circuit has recognized that section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by a comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.[9] Disqualification is appropriate if a reasonable person, knowing all of the relevant circumstances, would harbor doubts about the judge's impartiality.[10]

Finally, if a movant appeals a decision not to disqualify and the district court finds the record and documents submitted to be inadequate for a determination, it may remand and direct another judge to conduct an evidentiary hearing to enlarge the record. Such procedure is consistent with *Levitt*.[11]

After carefully considering LaMothe Motion for Recusal, the Pardo Motion for Recusal and the record in this case, the Court finds and concludes that the Motions for Recusal are without merit and there is no good cause to grant the relief requested. It is, therefore

---

[7] 847 F.2d 221, 226 (5th Cir. 1988).

[8] 112 B.R. at 836.

[9] *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

[10] *Chitmacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).

[11] *See Lieb v. Tillman*, 112 B.R. at 836.

**ORDERED** that the LaMothe Motion for Recusal and the Pardo Motion for Recusal are each **DENIED**.

**# # # END OF ORDER # # #**