B 2100A (Form 2100A) (12/15)



UNITED STATES BANKRUPTCY COURT
Northern District of Texas

In Re: Life Partner Holdings Inc.                                            Case No. 15-40289

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2),Fed. R. Bankr. P., of the transfer, other than for security, of the claim reference in this evidence and notice.

| Cranehill Capital LLC | John R. & Winnie L. Osborne |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Cranehill Capital LLC
PO Box 25505
Dallas, Texas 75225

Phone:  (214) 373-1221
Last Four Digits of the Acct #:  4132

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of the Acct #:

Court Claim # (if known):
Amount of Claim:
Date Claim Filed:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/ Gregory Mull_____    Date: 12/3/22
Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Cranehill Capital LLC
5206 McKinney Ave Suite 204 Dallas Texas 75205
PO Box 25505 Dallas Texas 75225

214.373.1221 office
214.373.3399 fax
admin@cranehill.com

## ASSIGNMENT AGREEMENT

This Assignment Agreement (the "Agreement") is entered into as of the last date below (the "Effective Date") by and between Cranehill Capital LLC, (the "Cranehill") with an address at 5206 McKinney Ave Suite 204, Dallas, TX 75205 and John R. & Winnie L. Osborne, (the "Client"), with an address of 124 Harley Meadows Cr Box 6, Venus TX 76084.

1. Client is/was a creditor in the case (15-40289) as filed in the US Bankruptcy Court - Northern District of Texas (the "Case"). As a creditor in the Case, Client was entitled to distribution of funds from the assets of the Bankruptcy Estate in the approximate amount of $33,106.62 (the "Funds"). Remittance to Client was not successful and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds are now subject to withdrawal in accordance with 28 U.S.C. 2042.

2. Client does not want to incur the time and expense of collecting the Funds themselves, does hereby assign, and convey to the Cranehill, for good and valuable consideration, all of Client's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

3. Assets Assigned: The assets herein assigned to Cranehill are those stated in paragraph 1 above, that collectively are the Funds held for the benefit of Client by the Clerk of the Court of the court identified in paragraph 1 in the Unclaimed Funds Registry.

4. **Consideration: The consideration herein given by Cranehill to Client shall be ▓▓▓▓▓, which sum shall be remitted to Client. A check will be issue to the Client for the above stated amount within seven (7) days of receipt of this Agreement and a copy of the creditor's drivers license, which is required by the US Bankruptcy Court.**

5. This assignment shall be deemed an absolute and unconditional assignment of funds for the purpose of collection and satisfaction, and shall not be deemed to create a security interest.

6. Client represents and warrants to Cranehill that no payment or other distribution has been received by or on behalf of Client in full or partial satisfaction of the assigned rights; that Client has not previously sold or assigned the rights, in whole or in part, to any party.

7. Power of Attorney: To the extent necessary under applicable law, the Client does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Client's obligation(s) under this Agreement, Cranehill as its attorney-in-fact.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Client: John R. & Winnie L. Osborne *Winnie L. Osborne*        Cranehill Capital LLC
Signature: *John Robert Osborne*
Printed Name: JOHN R OSBORNE
            Winnie Osborne                                      *Gregory Mullen*
Date: 12-1-22                                                   Gregory Mullen, Manager
Phone: 972 775 4648
Email: wlohome22@gmail.com                                      Date: November 28, 2022

## NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, John R. & Winnie L. Osborne("Client"), hereby, assigns, conveys and transfers over and unto Cranehill Capital LLC ("Cranehill"), any and all of right, title and interest in and to the below referenced funds/claim(s).
The Assigned funds/claim(s):

Debtor:         Life Partner Holdings Inc.
Court:          United States Bankruptcy Court - Northern District of Texas
Case Number:    15-40289
Chapter:        11
Claim:

FUNDS/CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the 1st of December, 2022

John R. & Winnie L. Osborne

_John R. Osborne_   _Winnie Osborne_

Subscribed and Sworn before me this __1__ day of __DECEMBER__, 20 __22__

Notary Public _Seth Ayres_

My Commission Expires __1-17-2026__

[Notary Seal: JOSEPH SETHE AYRES, NOTARY PUBLIC, STATE OF TEXAS, ID 131399100, EXP. 01-17-2026]

Joshua L. Shepherd (Texas Bar No. 24058104)
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
E-mail: jshepherd@qslwm.com

COUNSEL FOR MICHAEL J. QUILLING, AS
TRUSTEE OF THE LIFE PARTNERS POSITION
HOLDER TRUST

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-40289-mxm11 |
| LIFE PARTNERS HOLDINGS, INC., | § | |
| *et. al.* | § | JOINTLY ADMINISTERED |
| | § | (Chapter 11) |
| **Reorganized Debtors.** | § | |
| | § | |

**POSITION HOLDER TRUST'S FINAL REPORT, WITH REQUEST FOR
(i) DISCHARGE, AND (ii) AUTHORITY TO DEPOSIT FUNDS
INTO THE REGISTRY OF THE COURT**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643, BEFORE CLOSE OF BUSINESS ON DECEMBER 14, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## SCHEDULE OF AMOUNTS FOR DEPOSIT INTO THE REGISTRY OF THE COURT

|     | Investor Name | Amount (USD) |
|-----|---------------|--------------|
| 192 | Jeanne Scholz-Denman | 4,178.13 |
| 193 | Jeff S. Garrett | 1,771.43 |
| 194 | Jeffrey & Susan P Whitman | 4,719.75 |
| 195 | Jeffrey Lynn Beard | 1,175.60 |
| 196 | Jennifer A Elshoff | 16,354.92 |
| 197 | Jennifer Wilkins | 4,703.26 |
| 198 | Jenny R Clary UGMA | 48.38 |
| 199 | Jenny R Clary UGMA | 124.74 |
| 200 | Jenny R. Clary UGMA | 1,649.74 |
| 201 | Jerry Jordon | 2,366.20 |
| 202 | Jerry Vorheis | 1,356.86 |
| 203 | Jerry Don Gentry Irrevocable Trust | 453.14 |
| 204 | Jessica Heagerty | 14,034.10 |
| 205 | Jessie Landmon Zamora | 1,078.97 |
| 206 | Joan K. Collins | 7,416.33 |
| 207 | Joe Hathaway | 7,759.35 |
| 208 | Joe Michael Cobb | 1,356.86 |
| 209 | Joel & Connie Voss | 1,006.56 |
| 210 | John And Victoria Twedt | 4,017.22 |
| 211 | John B. Waag, Jr. | 2,492.18 |
| 212 | John M. Fowle | 4,407.16 |
| ➡ 213 | John R. & Winnie L. Osborne | 33,106.62 |
| 214 | John S. Mitchell | 24,712.24 |
| 215 | John W. Sullivan | 6,413.63 |
| 216 | Johnny & Shirley Paul Revocable Trust | 7,262.50 |
| 217 | Johnny D. Johnson | 962.42 |
| 218 | Jon Winand | 1,286.01 |
| 219 | Jose Fernel Garavito Arenas | 16.60 |
| 220 | Joseph Kowal | 31,412.32 |
| 221 | Joseph Kowal | 5,843.29 |
| 222 | Joseph Narez | 2,264.86 |
| 223 | Joseph M Aprile | 1,075.55 |
| 224 | Josephine Tompkins Trust | 1,250.80 |
| 225 | Josey W. Parks | 3,956.16 |
| 226 | JSJK, LLC | 5,288.16 |
| 227 | Judith K. DeMott Revocable Trust | 12,025.74 |
| 228 | Judy A. Flynn | 3,461.88 |
| 229 | Judy K LaFemina | 114.82 |
| 230 | Judy K LaFemina | 143.79 |
| 231 | Judy L Baily | 16,193.37 |