| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Life Partners Holding, Inc. |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | District of Texas (State) |
| Case number: | TXNB-15-BK-40289 |

FILED
JAN 02 2025
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

Form 1340 (12/23)

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimant

| Amount: | $20,991.54 |
|---|---|
| Claimant's Name: | Marites Dalangin Killion |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | 7068 SVL Box<br>Victorville, CA 92395<br>Tel: 760-792-1609<br>email: dgkillion65@gmail.com |

### 2. Claimant Information

Applicant[2] represents the following:

- ☐ The Claimant is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.
- ☒ The Claimant (Successor Claimant) is entitled to the unclaimed funds by transfer, assignment, purchase, merger, acquisition, or succession by other means, and below are the name(s) of the Owner of Record and all previous owner(s) of the claim:
  Owner of Record is Nancy Dalangin
- ☐ If the Claimant is a Successor Claimant, Applicant has sent a copy of the application to the Owner of Record and all other previous owner(s) of the claim at their current address or Applicant has enclosed a statement explaining why Applicant was not able to do so or an explanation of why doing so is not necessary.

### 3. Applicant Information

Applicant represents the following:

- ☐ Applicant is the Claimant.
- ☐ Applicant is Claimant's representative (e.g., attorney or unclaimed funds locator).
- ☒ Applicant is a representative of the deceased Claimant's estate.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

| | |
|---|---|
| **4. Supporting Documentation**<br>☐ Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application. | |
| **5. Notice to United States Attorney**<br>☐ Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:<br><br>Office of the United States Attorney<br>_____ District of _____<br>*[Court enters address here]* | |
| **6. Applicant Declaration**<br>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and any fraud in the application or supplemental materials may result in criminal penalties, see, e.g, 18 U.S.C. § 152.<br><br>Date: November 19, 2024<br>*/s/ Marites Dalangin Killion*<br>Signature of Applicant<br><br>Marites Dalangin Killion<br>Printed Name of Applicant<br><br>Address: 7068 SVL Box<br>Victorville, CA 92395<br><br>Telephone: 760-792-1609<br><br>Email: dgkillion65@gmail.com | **6. Co-Applicant Declaration (if applicable)**<br>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and any fraud in the application or supplemental materials may result in criminal penalties, see, e.g. 18 U.S.C. § 152.<br><br>Date: _____<br><br>_____<br>Signature of Co-Applicant (if applicable)<br><br>_____<br>Printed Name of Co-Applicant (if applicable)<br><br>Address: _____<br><br>Telephone: _____<br><br>Email: _____ |
| **7. Notarization**<br>STATE OF California<br><br>COUNTY OF SAN BERNARDINO<br><br>This Application for Unclaimed Funds, dated 11/19/2024 was subscribed and sworn to before me this 19 day of November, 20 24 by<br><br>Marites Dalangin Killion<br>who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.<br><br>*[Notarial wording to be adjusted based on state requirements]*<br><br>(SEAL)    Notary Public */s/ Kayla Evers*<br>My commission expires: Sept. 7, 2026<br><br>KAYLA EVERS<br>Notary Public - California<br>San Bernardino County<br>Commission # 2415238<br>My Comm. Expires Sep 7, 2026 | **7. Notarization**<br>STATE OF _____<br><br>COUNTY OF _____<br><br>This Application for Unclaimed Funds, dated _____ was subscribed and sworn to before me this ___ day of _____, 20___ by<br><br>_____<br>who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.<br><br>*[Notarial wording to be adjusted based on state requirements]*<br><br>(SEAL)    Notary Public _____<br>My commission expires: _____ |

Form 1340    Application for Payment of Unclaimed Funds    Page 2

KAYLA EVERS
Notary Public - California
San Bernardino County
Commission # 2415238
My Comm. Expires Sep 7, 2026

# COUNTY of SAN BERNARDINO
### DEPARTMENT OF PUBLIC HEALTH
351 N. MT. VIEW AVENUE, SAN BERNARDINO, CALIFORNIA 92415-0010

**CERTIFICATE OF DEATH** — STATE OF CALIFORNIA

STATE FILE NUMBER: 3052024146901  
LOCAL REGISTRATION NUMBER: 3202436007862

**DECEDENT'S PERSONAL DATA**
- 1. NAME OF DECEDENT – FIRST (Given): NANCY
- 2. MIDDLE: MACARAIG
- 3. LAST (Family): DALANGIN
- 4. DATE OF BIRTH: 12/22/1937
- 5. AGE: 86
- 6. SEX: F
- 9. BIRTH STATE/FOREIGN COUNTRY: PHLIPPNES
- 10. SOCIAL SECURITY NUMBER: 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
- 11. EVER IN U.S. ARMED FORCES?: NO
- 12. MARITAL STATUS: WIDOWED
- 7. DATE OF DEATH: 06/27/2024
- 8. HOUR (24 Hours): 2335
- 13. EDUCATION: BACHELOR
- 14/15 HISPANIC/LATINO/SPANISH?: NO
- 16. RACE: PHILIPINO
- 17. USUAL OCCUPATION: NURSE
- 18. KIND OF BUSINESS OR INDUSTRY: MEDICAL
- 19. YEARS IN OCCUPATION: 30

**USUAL RESIDENCE**
- 20. DECEDENT'S RESIDENCE: 15710 MONDAMON RD
- 21. CITY: APPLE VALLEY
- 22. COUNTY/PROVINCE: SAN BERNARDINO
- 23. ZIP CODE: 92307
- 24. YEARS IN COUNTY: 47
- 25. STATE/FOREIGN COUNTRY: CA

**INFORMANT**
- 26. INFORMANT'S NAME, RELATIONSHIP: CRISENDA DALANGIN, DAUGHTER
- 27. INFORMANT'S MAILING ADDRESS: 15710 MONDAMON RD, APPLE VALLEY, CA 92307

**SPOUSE/SRDP AND PARENT INFORMATION**
- 28. NAME OF SURVIVING SPOUSE/SRDP-FIRST: -
- 31. NAME OF FATHER/PARENT-FIRST: FRANSISCO
- 33. LAST: MACARAIG
- 34. BIRTH STATE: PHLIPPNES
- 35. NAME OF MOTHER/PARENT-FIRST: SIMEONA
- 37. LAST (BIRTH NAME): ENRIQUEZ
- 38. BIRTH STATE: PHLIPPNES

**FUNERAL DIRECTOR/LOCAL REGISTRAR**
- 39. DISPOSITION DATE: 07/16/2024
- 40. PLACE OF FINAL DISPOSITION: DESERT VIEW MEMORIAL PARK, 11500 AMARGOSA RD, VICTORVILLE, CA 92392
- 41. TYPE OF DISPOSITION(S): BURIAL
- 42. SIGNATURE OF EMBALMER: ALLEN GENE WILLIAMS
- 43. LICENSE NUMBER: EMB7997
- 44. NAME OF FUNERAL ESTABLISHMENT: DESERT VIEW
- 45. LICENSE NUMBER: FD1573
- 46. SIGNATURE OF LOCAL REGISTRAR: MICHAEL A. SEQUEIRA, MD
- 47. DATE: 07/12/2024

**PLACE OF DEATH**
- 101. PLACE OF DEATH: RESIDENCE HOSPICE
- 103. IF OTHER THAN HOSPITAL: Decedent's Home (X)
- 104. COUNTY: SAN BERNARDINO
- 105. FACILITY ADDRESS: 15710 MONDAMON RD
- 106. CITY: APPLE VALLEY

**CAUSE OF DEATH**
- 107. IMMEDIATE CAUSE (A): SENILE DEMENTIA — YRS
- 108. DEATH REPORTED TO CORONER?: NO
- 109. BIOPSY PERFORMED?: NO
- 110. AUTOPSY PERFORMED?: NO
- 111. USED IN DETERMINING CAUSE?: (blank)
- 112. OTHER SIGNIFICANT CONDITIONS: DIABETES MELLITUS TYPE II, HYPERTENSION, HYPERLIPIDEMIA
- 113. WAS OPERATION PERFORMED: NO
- 113A. DECEDENT PREGNANT IN LAST YEAR?: NO

**PHYSICIAN'S CERTIFICATION**
- 114. Decedent Attended Since: 06/24/2024; Last Seen Alive: 06/27/2024
- 115. SIGNATURE AND TITLE OF CERTIFIER: CHARBEL ELIAS AOUN, MD
- 116. LICENSE NUMBER: A56181
- 117. DATE: 07/02/2024
- 118. ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS: CHARBEL ELIAS AOUN, MD, PO BOX 2996, VICTORVILLE, CA 92393

**CORONER'S USE ONLY** — (blank)

---

**CERTIFIED COPY OF VITAL RECORD**

STATE OF CALIFORNIA  
COUNTY OF SAN BERNARDINO } SS

DATE ISSUED: **OCT 11 2024**

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL RECORDS SECTION, SAN BERNARDINO DEPARTMENT OF PUBLIC HEALTH.

MICHAEL A. SEQUEIRA, M.D.  
COUNTY HEALTH OFFICER  
REGISTRAR OF VITAL STATISTICS



*003188381*

This copy not valid unless prepared on engraved border displaying the date, seal and signature of Registrar.



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

SS # 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



Tuesday, 12/10/2024 4:55 PM PST

# Unclaimed Funds

Office of the US Attorney
1100 Commerce St Ste 3
Dallas TX 75242-1074



Killion
01295

⊕ **Shipment Details**    9400136208070334875129

| Service | Cost |
|---|---|
| Ground Advantage · Zone 6<br>$100 carrier liability (File claim) | $4.46 |
| **Total Cost** | **$4.46** |
| **Ship Date** | Tuesday, 12/10/2024 |
| **Email Recipients** | No Email Address set |

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO CANADA IS TEMPORARILY SUSPENDED, DUE TO TH...

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9400136208070334875129

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered in or at the mailbox at 1:01 pm on December 16, 2024 in DALLAS, TX 75242.

**Get More Out of USPS Tracking:**

   USPS Tracking Plus®

### Delivered
**Delivered, In/At Mailbox**
DALLAS, TX 75242
December 16, 2024, 1:01 pm

See All Tracking History

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

**Text & Email Updates**    ⌄

**USPS Tracking Plus®**    ⌄

**Product Information**    ⌄

See Less ⌃

Track Another Package

[ Enter tracking or barcode numbers ]

## Need More Help?

Contact USPS Tracking support for further assistance.

[ FAQs ]

**RECORDING REQUESTED BY:**
**AND WHEN RECORDED MAIL TO:**

GREINER LAW GROUP )
17189 Yuma Street )
Victorville, CA 92395 )

**THIS SPACE FOR RECORDER'S USE ONLY**

---

### SPRINGING DURABLE GENERAL POWER OF ATTORNEY

NOTICE TO PERSON EXECUTING THIS DOCUMENT:

**THIS IS AN IMPORTANT LEGAL DOCUMENT. IT CREATES A DURABLE POWER OF ATTORNEY. BEFORE EXECUTING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS.**

1. THIS DOCUMENT PROVIDES THE PERSON YOU DESIGNATE AS YOUR ATTORNEY-IN-FACT WITH BROAD POWERS TO MANAGE, DISPOSE OF, SELL, CONVEY, AND ENCUMBER YOUR REAL AND PERSONAL PROPERTY, AND TO USE YOUR PROPERTY AS SECURITY IF YOUR AGENT BORROWS MONEY ON YOUR BEHALF.

2. THIS DOCUMENT ALLOWS YOUR AGENT TO INVEST YOUR FUNDS IN ANNUITIES, AND IF DONE TO PROTECT YOUR ASSETS AGAINST BEING SPENT FOR LONG TERM NURSING HOME CARE AND TO QUALIFY FOR ASSISTANCE FROM MEDI-CAL WITHOUT FIRST SPENDING SUCH ASSETS, THE AGENT MAY MAKE SUCH PLACEMENT OF YOUR FUNDS.

3. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH CARE DECISIONS FOR YOU.

4. THESE POWERS WILL EXIST FOR AN INDEFINITE PERIOD OF TIME UNLESS YOU LIMIT THEIR DURATION IN THIS DOCUMENT. THESE POWERS WILL CONTINUE TO EXIST NOTWITHSTANDING YOUR SUBSEQUENT INCAPACITY.

5. YOU HAVE THE RIGHT TO REVOKE OR TERMINATE THIS DURABLE POWER OF ATTORNEY AT ANY TIME.

6. YOUR AGENT HAS NO DUTY TO ACT UNLESS YOU AND YOUR AGENT AGREE OTHERWISE IN WRITING.

7. THIS POWER OF ATTORNEY IS TO BECOME EFFECTIVE ONLY UPON THE INCAPACITY OF THE PRINCIPAL.

## DURABLE GENERAL POWER OF ATTORNEY

This springing Durable General Power of Attorney shall become effective only upon the incapacity of the undersigned Principal. Principal shall be conclusively deemed to be incapacitated, and therefore that this power of attorney has become effective, if at any time two (2) licensed physicians certify in writing, that the Principal has become physically or mentally incapacitated and does not have sufficient understanding or ability to make or communicate decisions about the Principal's property, finances, or personal business, or otherwise manage the Principal's affairs in the Principal's best interest.

The Agent shall promptly attach such two declarations to this instrument. Any person may act in reliance on this instrument with two such declarations attached without liability to the Principal or to any other person regardless of whether the Principal is later determined to have become incapacitated.

No licensed physician who executes a medical opinion of the Principal's incapacity shall be subject to liability because of such execution. The Principal hereby waives any privilege that may apply to release of information included in such medical opinion.

This power of attorney shall continue after the Principal's incapacity in accordance with its terms.

On the death of the Principal this power shall terminate.

## APPOINTMENT OF ATTORNEY-IN-FACT AS AGENT

TO WHOM IT MAY CONCERN:

I, **NANCY M. DALANGIN** (hereinafter sometimes referred to as "Principal"), presently a resident of Clark County, Nevada, appoint **MARITES D. KILLION** (hereinafter referred to as "Agent") as the Principal's true and lawful attorney-in-fact for the Principal and in the Principal's name, place, and stead upon the happening of the Principal's incapacity.

## POWERS EXERCISABLE BY AGENT

The Agent is hereby empowered:

1.    To manage, control, lease, sublease, and otherwise act concerning any real property that the Principal may own, collect and receive rents or income therefrom, pay taxes, charges and assessments on the same, repair, maintain, protect, preserve, alter, and improve the same and do all things necessary or expedient to be done in the Agent's judgment in connection with the property.

2. To purchase real property on the Principal's behalf; to mortgage, pledge, or otherwise encumber such newly acquired property; to commit the resources of the Principal with respect to the purchase of such property; to do all acts and execute all documents necessary for the purchase of such property; and to otherwise generally deal in all respects and have all powers described in this power of attorney with respect to such property.

3. To manage and control all partnership interests owned by the Principal and to make all decisions the Principal could make as a general partner, limited partner, or both, and to execute all documents required of the Principal as such partner, all to the extent that the Agent's designation for such purposes is allowed by law and is not in contravention of any partnership or other agreement.

4. To purchase, sell, invest, reinvest and generally deal with all stocks, bonds, debentures, warrants, annuities, partnership interests, rights, and securities owned by the Principal.

5. To collect and deposit for the benefit of the Principal all debts, interest, dividends, or other assets that may be due or belong to the Principal and to execute and deliver receipts and other discharges therefor; to demand, arbitrate, and pursue litigation on the Principal's behalf concerning all rights and benefits to which the Principal may be entitled; and to compromise, settle, and discharge all such matters as the Agent considers appropriate under the circumstances.

6. To pay any sums of money that may at any time be or become owing from the Principal, to settle, and to adjust and compromise any claims that may be made against the Principal as the Agent considers appropriate under the circumstances.

7. To grant, sell, transfer, convey, mortgage, deed in trust, pledge, and otherwise encumber and deal in all property, real and personal, that the Principal may own, including but not limited to any real property described on any exhibit attached to this instrument and including property acquired after execution of this instrument; to attach exhibits to this instrument that provide legal descriptions of any such property; and to execute such instruments as the Agent deems proper in conjunction with all matters covered in this paragraph 7.

8. To prepare and file all income and other federal and state tax returns which the Principal is required to file; to sign the Principal's name on the returns, including but not limited to IRS Forms 1040, 1099; hire preparers and advisors and pay for their services; and to do whatever is necessary to protect the Principal's assets from assessments for income taxes and other taxes for all years. The Agent is specifically authorized to receive confidential information; to receive checks in payment of any refund of taxes, penalties, or interest; to execute waivers (including offers of waivers) of restrictions on assessment or collection of tax deficiencies and waivers of notice of disallowance of claims for credit or refund; to execute consents extending the statutory period for assessment or collection of taxes; to execute closing agreements under Internal Revenue Code section 7121 or any

3

successor statute; and to delegate authority or substitute another representative with respect to all above matters.

9. To deposit in and draw on any checking, savings, agency, or other accounts that the Principal may have in any banks, financial institutions, and any accounts with securities brokers or other commercial institutions, and to establish and terminate all such accounts.

10. To invest and reinvest the Principal's funds in every kind of property whether real, personal, or mixed, and every kind of investment, specifically including, but not limited to, corporate obligations of every kind, preferred or common stocks, shares of investment trusts, investment companies, and mutual funds, and mortgage participations that, under the circumstances then prevailing (specifically including but not limited to the general economic conditions and the Principal's anticipated needs), persons of skill, prudence, and diligence acting in a similar capacity and familiar with those matters would use in the conduct of an enterprise of a similar character and with similar aims, to attain the Principal's goals; and to consider individual investments as part of an overall plan.

11. The Agent is authorized to establish and contribute to IRA accounts and other employee benefits plans on the Principal's behalf; to select or change payment options and make elections under any IRA or employee benefit plan in which the Principal is a participant; to make "rollovers" of plan benefits into other retirement plans or IRA accounts, and to acquire assets for the IRA account by investing IRA funds.

12. To invest, or to liquidate for the purpose of investing, in annuities and to designate the spouse of the Principal as the owner and beneficiary of such annuity (and if there is no spouse then designate the Principal as the owner, annuitant, and beneficiary), for purposes of estate planning and asset protection wherein the Principal may qualify for long term nursing home care paid for by Medi-Cal without first spending the funds transferred to such annuity for such care.

13. To have access to all safe deposit boxes in the Principal's name or to which the Principal is an authorized signatory; to contract with financial institutions for the maintenance and continuation of safe deposit boxes in the Principal's name; to add to and remove the contents of all such safe deposit boxes; and to terminate contracts for all such safe deposit boxes.

14. To transfer and convey to the Trustee or Trustees then acting under any revocable living trust under which Principal is or becomes a Settlor, all assets now, or at any time or times hereafter, standing in Principal's name (or representing Principal's interest in assets owned jointly, commonly and/or otherwise with any other person or persons).

15. To make direct payments to the provider for tuition and medical care for the Principal's issue under Internal Revenue Code section 2503(e) or any successor statute that excludes such payments from gift tax liability.

4

16. To make gifts on the Principal's behalf to a class composed of the Principal's children, any of their issue, or both to the full extent of the federal annual gift tax exclusion in effect from time to time, including the $10,000.00 per donee annual exclusion under Internal Revenue Code section 2503(b) or any successor statute, and for such purposes to remove the Principal's assets from any grantor revocable trust of which the Principal is a grantor.

17. To use any credit cards in the Principal's name to make purchases and to sign charge slips on behalf of the Principal as may be required to use such credit cards; and to close the Principal's charge accounts and terminate the Principal's credit cards under circumstances where the Agent considers such acts to be in the Principal's best interest.

18. To do all things and enter into all transactions necessary to provide for the Principal's personal care and to maintain the Principal's customary standard of living; to provide suitable living quarters for the Principal; and to hire and compensate household, nursing and other employees as the Agent considers advisable for the Principal's well being. The above shall specifically include but not be limited to the authority to pay the ongoing costs of maintenance of the Principal's present and future residence, such as interest, taxes, and repairs; to procure and pay for clothing, transportation, medicine, medical care, food, and other needs; and to make arrangements, enter into contracts and commit the Principal's resources on the Principal's behalf with respect to provision of residential care for the Principal in a convalescent hospital, skilled nursing home, or other alternative residential facility.

19. To generally execute, and perform any other act, deed, matter, or thing, that in the opinion of the Agent ought to be done, executed, or performed in conjunction with this power of attorney, of every kind and nature, as fully and effectively as the Principal could do if personally present, including bringing suit against any bank or other entity that fails or refuses to honor this power of attorney. The enumeration of specific items, acts, rights, or powers does not limit or restrict, and is not to be construed or interpreted as limiting or restricting, the general powers granted to the Agent except where powers are expressly restricted.

20. To commence enforcement proceedings, at the Principal's expense, against any third party who fails to honor this durable power of attorney.

21. To designate the beneficiary under any policy of life insurance, or any employee benefit plan.

### POWERS NOT EXERCISABLE BY AGENT

Notwithstanding any other possible language to the contrary in this document, the Agent is specifically NOT granted the following powers:

(a) To use the Principal's assets for the Agent's own legal obligations, including but not limited to support of the Agent's dependents;

5

(b) To exercise any trustee powers under an irrevocable trust of which the Agent is a trustor and the Principal is a trustee; and

(c) Change, modify, revoke, or attempt to give direction to any trustee of any revocable Trust in which Principal is Trustor.

## AGENT'S SIGNATURE

The Agent's signature under the authority granted in this power of attorney may be accepted by any third party or organization with the same force and effect as if the Principal were personally present and acting on the Principal's own behalf. No person or organization that relies on the Agent's authority under this instrument shall incur any liability to the Principal, the Principal's estate, heirs, successors, or assigns, because of reliance on this instrument.

When signing on behalf of Principal under this Durable General Power of Attorney, Agent may sign as follows:

"NANCY M. DALANGIN by MARITES D. KILLION, her Agent"

## MISCELLANEOUS

1. This power of attorney shall apply to all presently owned and future acquired assets of the Principal, and shall include the power to acquire any assets as described herein on the Principal's behalf.

2. The Principal's estate, heirs, successors, and assigns shall be bound by the Agent's acts under this power of attorney.

3. This power of attorney shall commence and take effect on the Principal's subsequent incapacity as set forth above.

4. Any third party from whom the Agent may request information, records, or other documents regarding the Principal's personal affairs may release and deliver all such information, records, or documents to the Agent. The Principal hereby waives any privilege that may apply to release of such information, records, or other documents.

5. The Principal hereby ratifies and confirms all that the Agent shall do, or cause to be done, by virtue of this power of attorney.

## RESTORATION OF PRINCIPAL TO CAPACITY

The Principal shall be deemed to have been restored to capacity when any <u>two</u> of the following persons shall execute written declarations under penalty of perjury that in his or her opinion the Principal has sufficient understanding or ability to make or

6

communicate decisions about the Principal's property, finances, or business affairs and when such declarations have been delivered to the Agent:

    (a)    The Principal;
    (b)    The Principal's treating physician;
    (c)    The Agent acting herein;

### REVOCATION OF PRIOR POWERS OF ATTORNEY

This Power of Attorney revokes any prior general durable power of attorney executed previously by Principal.

### SIGNATURE OF PRINCIPAL

IN WITNESS WHEREOF, the Principal has signed this Springing Durable General Power of Attorney.

Dated: Oct. 15/2014

*Nancy M. Dalangin*
NANCY M. DALANGIN, Principal

### ACKNOWLEDGMENT OF NOTARY PUBLIC

STATE OF CALIFORNIA    )
                                  ) ss.
COUNTY OF SAN BERNARDINO    )

On 10/15/14, before me, Allison Emmerick, a Notary Public, personally appeared **NANCY M. DALANGIN**, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Allison Emmerick*
Notary Public

ALLISON EMMERICK
Commission # 2045900
Notary Public - California
San Bernardino County
My Comm. Expires Nov 14, 2017

7