UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Life Partners Holdings, Inc. | § | 4:15-bk-40289 |
| | § | |
| Debtor (s) | § | Bankruptcy Case No. |
| | § | |

### APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the undersigned, to make application for an order directing payment of unclaimed funds now on deposit in the Treasury of the United States. Claimant is a _X_ creditor __ debtor (check one) in the above captioned bankruptcy case and on whose behalf these funds were deposited:

| | | |
|---|---|---|
| 1. | **Name of Claimant(s)** | Dilks & Knopik, LLC, assignee to Sonya Renee Foote |
| 2. | **Name and Title of Authorizing Officer or Representative** | Andrew T. Drake – Vice President |
| 3. | **Current Mailing Address** | 35308 SE Center St, Snoqualmie, WA 98065 |
| 4. | **Telephone Number** | 425-836-5728 |
| 5. | **SS# *(last 4 digits only)* or EIN #** | 74-3049851 |
| 6. | **Amount Being Claimed** | $3,570.94 |

I, Andrew T. Drake, do hereby state under penalty of perjury that I am legally entitled to claim these funds for whom the unclaimed funds were deposited into the treasury in the above referenced bankruptcy case. I certify to the best of my knowledge that all information submitted in support of this claim is true and correct.


Date: <u>January 16, 2025</u>      Claimant Signature: _____


Subscribed and Sworn to Before Me this <u>16th</u> day of <u>January, 2025</u>

_____
Notary Public

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

In and for the State of <u>WASHINGTON</u>

My commission expires <u>February 19, 2026</u>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN RE:                              §
                                    §
    Life Partners Holdings, Inc.    §                    4:15-bk-40289
                                    §
        Debtor (s)                  §              Bankruptcy Case No.
                                    §

## CLAIMANT HISTORY

The original disbursement was not presented for payment within 90 days after issuance because:

Dividends were not collected by the creditor, Sonya Renee Foote; R. Kirk and Sonya R. Foote assigned their claim to Sparta Group MA, LLC Series 20, as evidenced by Exhibit A (Docket #2238).

Sparta Group MA LLC Series 20 has assigned its claim and the unclaimed funds to the claimant, Dilks & Knopik LLC, as evidenced by the attached Assignment Agreement and the Transfer of Claim filed on 01/13/2025 (Docket # 5774).

Claimant certifies under penalty of perjury that all statements made by Claimant in this application and any attachments required for this Application are, to the best of its knowledge, true and correct. Accordingly, Claimant request the Court to enter an Order authorizing payment of the pro rata dividend due upon this claim.

January 16, 2025
DATE

_____
Andrew T. Drake, Vice President
Dilks & Knopik, LLC
35308 SE Center St
Snoqualmie, WA 98065
(425) 836-5728
admin@dilksknopik.com

Subscribed and Sworn to Before Me this 16th day of January, 2025

_____
Notary Public

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

In and for the State of WASHINGTON

My commission expires February 19, 2026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Life Partners Holdings, Inc. | § | 4:15-bk-40289 |
| | § | |
| Debtor (s) | § | Bankruptcy Case No. |
| | § | |

## CERTIFICATE OF SERVICE

In accordance with 28 U.S.C. § 2042, the undersigned hereby certifies that on the date designated below, a true and correct copy of the foregoing application with all required attachments was mailed to:

US Attorney
Attn: Unclaimed Funds
1100 Commerce Street, 3rd Floor
Dallas, TX 75242

Sparta Group MA LLC Series 20
Assignor / Current Address
92 Montvale Avenue
Stoneham, MA 02180

Sonya Renee Foote
Original Creditor / Address of Record
4811 La Rinconada Dr
Midlothian, TX 76065-4556

Date: January 16, 2025

Andrew T. Drake
Dilks & Knopik, LLC

## AFFIDAVIT OF
## PHOTO IDENTIFICATION AUTHENTICITY

I, Andrew T. Drake, Vice President of Dilks & Knopik, LLC hereby certify that the below proof of identification is a true and accurate duplicate of the original.



Dated:  <u>January 16, 2025</u>

<u>Andrew T. Drake, Vice President</u>
35308 SE Center Street
Snoqualmie, WA 98065
(425) 836-5728

On <u>January 16, 2025</u> before me, Andrew T. Drake, personally appeared, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Matthew Zettley, Notary Public
My commission expires: February 19, 2026
Notary in and for the State of Washington

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

# U.S. Courts Unclaimed Funds Locator



## Court / TXNB

Edit Search

| Case Number | 15-40289 | Page Total | $3,570.94 |
| --- | --- | --- | --- |
| Last/Business Name | Life Partners Holdings, Inc. | First Name | |

## Creditors | 1

| | Court | Creditor Name* | Amount |
| --- | --- | --- | --- |
| ✉ | TXNB | Sonya Foote | $3,570.94 |

Joshua L. Shepherd (Texas Bar No. 24058104)
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
E-mail: jshepherd@qslwm.com

**COUNSEL FOR MICHAEL J. QUILLING, AS
TRUSTEE OF THE LIFE PARTNERS POSITION
HOLDER TRUST**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **CASE NO. 15-40289-mxm11** |
| **LIFE PARTNERS HOLDINGS, INC.,** § | |
| *et. al.* § | **JOINTLY ADMINISTERED** |
| § | **(Chapter 11)** |
| **Reorganized Debtors.** § | |
| § | |

## SECOND NOTICE TO DEPOSIT UNCLAIMED FUNDS

### [Relates to Dkt. No. 4681, 4682, 4683]

A check in the amount of $3,294,399.05 was remitted to the Clerk of the Bankruptcy Court for deposit into the court's unclaimed funds registry as unclaimed property for the above-styled Chapter 11 bankruptcy case. Final distribution checks were issued in this case on September 15, 2022, and 472 claimants failed to timely cash their check or prior mail was undeliverable to the last known address. Those claimants and amounts are listed below. Instructions on how to claim the funds are provided by the Court and can be found at: https://www.txnb.uscourts.gov/forms/all-forms/unclaimed_funds.

Disposition of Case:       Complete
Explanation of Source:     Claimants failed to cash their final distribution check.

| | HolderID# | Claimant Name & Address | Amount |
|---|---|---|---|
| 1 | 1076938A11800 | 2002 The Doris M. Paretsky Revocable Living Trust *c/o its agent* Marla Loucks 9196 Spoonbill Ridge Pl Las Vegas, NV 89143-4491 | $3,097.01 |
| 2 | 1072932A11600 | Paul E Abernathy 4938 Williamsport Rd Elizabeth, PA 15037-0000 | $2,819.13 |

|     | HolderID#     | Claimant Name & Address                                | Amount      |
|-----|---------------|--------------------------------------------------------|-------------|
| 136 | 1075360A11800 | Family Trust Of Valeria L Jordan                       | $5,988.13   |
|     |               | c/o its agent Valeria Jordan                           |             |
|     |               | 181 Sandzen Dr                                         |             |
|     |               | Clovis, NM 88101-2315                                  |             |
| 137 | 1074983A11600 | Paul W. Farnan                                         | $1,568.11   |
|     |               | 1929 Murray St                                         |             |
|     |               | Philadelphia, PA 19115-3821                            |             |
| 138 | 1077073A11600 | Peggy H Farris                                         | $29,425.24  |
|     |               | 236 Britwell Dr                                        |             |
|     |               | Chesapeake, VA 23322-0000                              |             |
| 139 | 1162029A11600 | Martha Felan                                           | $7,713.07   |
|     |               | 7640 NW 63rd St                                        |             |
|     |               | Miami, FL 33195-0000                                   |             |
| 140 | 1078730A11800 | Rodica Feldman                                         | $1,407.85   |
|     |               | 1528 Delphi Ln                                         |             |
|     |               | Charlottesville, VA 22911-3658                         |             |
| 141 | 1075742A10700 | Federico Fernandez B & Ladis P Rodriguez Baute         | $ 473.28    |
|     |               | 2723 Spindletop Ln NW                                  |             |
|     |               | Kennesaw, GA 30144-7359                                |             |
| 142 | 1075576A11600 | Treva  Fike                                            | $2,575.52   |
|     |               | 911 Rosenda Ln                                         |             |
|     |               | Amarillo, TX 79124-0000                                |             |
| 143 | 1160445A10100 | FIME (USA) International LTD                            | $12,242.99  |
|     |               | 2805 Native Oak Dr                                     |             |
|     |               | Flower Mound, TX 75022-0000                            |             |
| 144 | 1162714A10700 | Deanna M. & David H.  Findley                          | $5,674.03   |
|     |               | 8514 N 1970 Rd                                         |             |
|     |               | Hammon, OK 73650-0000                                  |             |
| 145 | 1074181A11600 | Dianne L Fisi                                          | $1,373.14   |
|     |               | 907 Dobrich Cir                                        |             |
|     |               | Pittsburg, CA 94565-3416                               |             |
| 146 | 1150735A11600 | Judy A. Flynn                                          | $3,461.88   |
|     |               | 7524 Lake Arrowhead Dr                                 |             |
|     |               | Fort Worth, TX 76137-3703                              |             |
| 147 | CT001876      | Sonya Renee Foote                                      | $3,570.94   |
|     |               | 4811 La Rinconada Dr                                   |             |
|     |               | Midlothian, TX 76065-4556                              |             |
| 148 | 1150499A10900 | For the Cause, LTD                                     | $48,776.15  |
|     |               | c/o its agent Paul Juraschek                           |             |
|     |               | 25 Checker Berry Way                                   |             |
|     |               | Manchester, NH 03102-4461                              |             |
| 149 | 1080587A11600 | John M. Fowle                                          | $4,407.16   |
|     |               | 7 Merrimac                                             |             |
|     |               | Irvine, CA 92620-0000                                  |             |
| 150 | 1074682A11600 | Robert  Frager                                         | $2,142.52   |
|     |               | PO Box 258                                             |             |
|     |               | Waibau, SD 57273-0000                                  |             |

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

In re ___Life Partners Holdings, Inc.___      ,      Case No. _   4:15-bk-40289___

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than
for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| ___Dilks & Knopik, LLC___ | ___Sparta Group MA LLC Series 20___ |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent:

   35308 SE Center Street
   Snoqualmie WA 98065

Court Claim # (if known):      Unknown

Amount of Claim: _____

Date Claim Filed: _____

Phone:    425-836-5728 _____

Last Four Digits of Acct #: _____

Phone:   617-852-1540 _____

Last Four Digits of Acct #: _____

Name and Address where transferee payments
should be sent (if different from above):


Phone: _____
Last Four Digits of Acct #:_____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best
of my knowledge and belief.

By:____ /s/ Brian J Dilks - President_____      Date:___ 1/13/2025_____
      Transferee/Transferee's Agent


*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



## CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that Brian J Dilks, Caryn M Dilks f/k/a Caryn M Knopik, Andrew T. Drake and Jeffrey Hudspeth, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions to include applying for and receiving unclaimed funds, which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this **22** day of

**July**, 2024.

Brian J Dilks – Member

Date: 7/22/24

Caryn M Dilks f/k/a Caryn M Knopik – Member

Date: 7-22-2024

Subscribed and sworn to me this
7/22/2024

Notary Signature

My Commission Expires: 2/19/2026

Subscribed and sworn to me this
7/22/2024

Notary Signature

My Commission Expires: 2/19/2026

MATTHEW ZETTLEY
NOTARY PUBLIC #197879
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

DILKS & KNOPIK LLC
LIMITED LIABILITY COMPANY
WASHINGTON 2002



**WASHINGTON**
Secretary of State
Corporations & Charities Division

> Filed
> Secretary of State
> State of Washington
> Date Filed: 05/14/2024
> Effective Date: 05/14/2024
> UBI #: 602 211 447

# EXPRESS ANNUAL REPORT WITH CHANGES

## BUSINESS INFORMATION

Business Name:
**DILKS & KNOPIK, LLC**

UBI Number:
**602 211 447**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**06/30/2025**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**06/07/2002**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**OTHER SERVICES, ANY LAWFUL PURPOSE**

## REGISTERED AGENT    RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| BRIAN DILKS | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES |

## PRINCIPAL OFFICE

Phone:
**4258365728**

Email:
**DK@DKLLC.COM**

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 202405140033791 6 - 1
Received Date: 05/14/2024
Amount Received: $70.00

Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, USA**

Mailing Address:

## GOVERNORS

| Title | Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | BRIAN | DILKS |
| GOVERNOR | INDIVIDUAL | | CARYN | DILKS |

## NATURE OF BUSINESS

- OTHER SERVICES
- ANY LAWFUL PURPOSE

## EFFECTIVE DATE

Effective Date:
05/14/2024

## CONTROLLING INTEREST

1. Does this entity own (hold title) real property in Washington, such as land or buildings, including leasehold improvements?
- **No**
2. In the **past 12 months**, has there been a transfer of at least 16-2/3 percent of the ownership, stock, or other financial interest in the entity?
- **No**
    a. If "Yes", in the **past 36 months**, has there been a transfer of controlling interest (50 percent or greater) of the ownership, stock, or other financial interest in the entity?
- **No**
3. If you answered "Yes" to question 2a, has a controlling interest transfer return been filed with the Department of Revenue?
- **No**

You **must** submit a Controlling Interest Transfer Return form if you answered "yes" to questions 1 **and** 2a.

Failure to report a Controlling Interest Transfer is subject to penalty provisions of <u>RCW 82.45.220.</u>

For more information on **Controlling Interest**, visit <u>www.dor.wa.gov/REET.</u>

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:
Address:

## EMAIL OPT-IN

☐ By checking this box, I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

## AUTHORIZED PERSON

Person Type:
**INDIVIDUAL**

First Name:
**CARYN**

Last Name:
**DILKS**

Work Order #: 2024051400337916 - 1
Received Date: 05/14/2024
Amount Received: $70.00

Title:

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

Work Order #: 202405140337916 - 1
Received Date: 05/14/2024
Amount Received: $70.00







### Affidavit of Brian Dilks
### in support of the Application for Unclaimed Funds

The affiant hereby declares under penalty of perjury under the laws of the United States that the following is true and correct to the best of the undersigned's knowledge:

1. I, Brian J. Dilks, am at least 18 years of age and competent to submit this affidavit in support of the application for unclaimed funds being filed with this court by Dilks & Knopik, LLC;

2. We are aware of the nationwide increase in filings for Unclaimed Funds which include fraudulent evidence. This is necessarily bringing to question the identity of any filer and, as such, I want to share some things about my company and its 22-year history;

3. Every submission includes photo identification for Dilks & Knopik's authorized signers; these signers have not changed in more than 14 years;

4. We have been at the same address for 12+ years, and the phone and email information that was on our first applications, 22 years ago, will still reach us today. Dilks & Knopik does not operate from a P.O. Box or UPS store address.

5. We carry Errors and Omissions Insurance (similar coverage to professional liability insurance), so that, if my company is forced to cease operations or we were to make a collection mistake, the owed party will still be able to receive their funds;

6. Any application from my company represents the culmination of research work to locate and identify the proper signer, we wish to be known for the quality of our work and do not want to waste the court's or our own resources;

7. Dilks & Knopik, LLC was formed in 2002 by me and, my then fiancée, now wife, Caryn Knopik. We aspired to form a company that would set an industry leading standard for unclaimed funds recovery work. With this goal in mind we have adopted the following standards for ourselves and the people we employ:

a.  We will make ourselves available to our clients and partner with the court's administrators to answer questions;

b.  Prior to entering an agreement, we will share the Jurisdiction, Case Name and Number and exact dollar amount for funds we are seeking. Often, in our industry, this information is withheld until an exclusivity arrangement is reached. We believe that this is improper, and clients should be informed of all known information upfront so that, prior to proceeding with us, they have made an informed decision;

c.  Any money that is received for our clients will be promptly forwarded to them within 10 business days;

8.  I am proud to be able to aver that we have recovered for our clients from all 93 Bankruptcy Jurisdictions, including Puerto Rico, the U.S. Virgin Islands and Guam, and submitted more than 20,000 applications for unclaimed funds, while maintaining our A+ rating with the Better Business Bureau.

9.  Please contact us if you have any questions about our application, we will address them promptly.


Signed at Snoqualmie, WA on June 19, 2024

Brian Dilks, Member
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065
(425) 654-0346 / (877) 836-5728 x 101
brian.dilks@dilksknopik.com

STATE OF WASHINGTON
COUNTY OF KING
This Affidavit of Brian Dilks, dated 6/19/2024 was subscribed and sworn to (or affirmed) before me on this 19th day of June , 2024 by Brian J. Dilks who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

Notary – Matthew Zettley



MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

## Dilks | Knopik

On this **16th** day of **January**, 202**5**. I certify
that the preceding or attached document titled
(Assignment Agreement), (**2** pages) is a true,
accurate and complete copy of the original being held
at 35308 SE Center Street, Snoqualmie, WA 98065

Matthew Zettley - Notary Public
My commission expires: February 19, 2026

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of December 13, 2024 (the "Effective Date") by and between Dilks & Knopik, LLC, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Sparta Group MA LLC  Series 20 with an address of 92 Montvale Avenue, Stoneham MA 02180 (the "Assignor").

1. Assignor is/was a creditor in Life Partners Holdings, Inc. (4:15-bk-40289) as filed in the Northern District of Texas (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the approximate amount of $3,570.94 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

2. Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

3. Assets Assigned: The assets herein assigned to Assignee are those stated in paragraph 1 above, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1 in the Unclaimed Funds Registry.

4. Consideration: The consideration herein given by Assignee to Assignor shall be the sum **$2,499.66** which sum shall be remitted to Assignor. A check will be issue to the Assignor for the above stated amount once this claim is approved. In the event Assignee recovers an amount over and above the Funds then Assignor shall be entitled to 100% of the additional amount recovered.

5. This assignment shall be deemed an absolute and unconditional assignment of funds/claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest.

6. Assignor represents and warrants to Assignee that no payment or other distribution has been received by or on behalf of Assignor in full or partial satisfaction of the assigned rights; that Assignor has not previously sold or assigned the rights, in whole or in part, to any party.

7. Power of Attorney: To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

8. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter above.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____

Sparta Group MA LLC  Series 20
Chris Gannon – VP, Investments

Assignee: _____

Dilks & Knopik, LLC
Andrew T. Drake – Vice President



**Dilks | & | Knopik**

### NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, Sparta Group MA LLC  Series 20 ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds/claim(s).

The Assigned funds/claim(s):

Debtor: Life Partners Holdings, Inc.
Court: United States Bankruptcy Court - Northern District of Texas
Case Number: 4:15-bk-40289
Chapter: 11
Original Creditor: Sonya Renee Foote

FUNDS/CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Friday, December 13, 2024.

Sparta Group MA LLC  Series 20

Chris Gannon - VP, Investments



Photo ID



Photo ID



**Chris Gannon**
Vice-President,
Investment

Sparta Group LLC
92 Montvale Avenue, Suite 2500
Stoneham MA 02180

M 617.852.1540
O 781.435.4302
chris@spartagroupllc.com



STATEMENT OF AUTHORITY

The undersigned being first duly sworn and states that Chris Gannon is the VP, Investments of Sparta

Group MA LLC Series 20. Chris Gannon is authorized to execute and deliver all documents pertaining to

the recovery of Unclaimed, Lost or Abandoned Property owing to Sparta Group MA LLC Series 20 or its

subsidiaries. I further acknowledge that an Application for Unclaimed Funds will be or has been

submitted by Dilks & Knopik, LLC to the above bankruptcy court to release unclaimed funds.

By: _____      Dated:  January 15, 2025

Print Name: Servjeet Bhachu      Title:  Managing Director

92 Montvale Avenue
Stoneham, MA 02180

92 Montvale Ave., Suite 2500
Stoneham, MA 02180 USA

# United States Bankruptcy Court
## Northern District of Texas

In re:  Life Partners, Inc.  Case No. 15-41995

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY
## FOR CERTAIN FRACTIONAL POSITIONS

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| SPARTA GROUP MA, LLC SERIES 20 | R. KIRK & SONYA R. FOOTE |
|---|---|
| Name of Transferee | Name of Transferor |

105121
Account #/Purchaser ID #

Name and Address where notices to transferee should be sent:

Scheduled Claim Amount:    $27,363.18

ASM CAPITAL
7600 JERICHO TURNPIKE  SUITE 302
WOODBURY, NY 11797

| Refers to Fractional Position # | 47314 |
|---|---|
| Policy ID # | 32642 |
| Policy Face Amount (Death Benefit) | $2,500,000 |
| Sellers % Ownership of Policy | 1.85% |
| Matured Fund Payout Amt: | $46,296.27 |

Phone:    (516) 422-7100
Last Four Digits of Acct. #:    N/A

Phone:
Last Four Digits of Acct. #:    N/A

Name and Address where transferee payments should be sent:

ASM CAPITAL
7600 JERICHO TURNPIKE  SUITE 302
WOODBURY, NY 11797

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:    /s/ Adam S. Moskowitz                                    Date: May 19, 2016
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both.    18 U.S.C. §§ 152 & 3571.



Exhibit A

### ASM CAPITAL – LIFE PARTNERS HOLDINGS – MATURED FUNDS PURCHASE AGREEMENT

**Purchase of Matured Funds.** R. KIRK & SONYA R. FOOTE (hereinafter "Seller" or "Holder") with a principal address of 305 BURTONWOOD CIRCLE OVILLA, TX 75154, for good and valuable consideration in the sum of XXXXXX (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to ASM Capital, which may include ASM SPV L.P., ASM Capital V, L.P., ASM Insolve, L.P., Sparta Group MA LLC Series 20, and any of its successors, assigns or designees (hereinafter "Purchaser") all of Seller's right, title, benefit and interest in and to any and all of Seller's fractional interests or position, as more specifically set forth as any right to payment due to Seller's ownership percentage ("1.85%" or "Percentage Owned") in life insurance Policy ID# 32642 ("Policy ID#"), in the face amount of $ $2,500,000 ("Face Amount") with such Seller having a Purchaser ID# of 105121 ("Purchaser ID#") (the "Matured Fund Interest"), sold by Life Partners, Inc. ("the "Debtor"), which is undergoing bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Texas(the "Court"), Case No.15-41995 (the "Case"); and such transaction includes any voting rights and any other rights and benefits which may now exist, or come into existence in regards to the Matured Fund Interest, including all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with or satisfaction of the Matured Fund Interest, including without limitation "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, in Court or any other court of competent jurisdiction which may exist, be paid or issued with respect to and/or in satisfaction of the Matured Fund Interest (the "Recovery"). This Matured Funds Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Matured Fund Interest for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Matured Fund Interest represents a payout amount of not less than $ $46,296.27 (the "Payout Amount").

**Representations; Warranties and Covenants.** Some of the representations, warranties and covenants contained herein directly relate to such definitions listed below, which come directly from the definitions contained in Debtors Joint Plan of Reorganization of Life Partners Holdings, Inc., ET AL., Dated November 28, 2015. Seller represents, warrants and covenants that, (a) Seller is a "Lending Investor", or a record owner of the Matured Fund Interest used to fund advances under the Debtor's "Matured Funds Facility"; (b) Seller does not owe any "Catch-Up Payment" due on the Matured Fund Interest or any amount owing to Debtor with regard to the Matured Fund Interest, including but not limited to for premiums, platform and/or servicing fees payable to any of the Debtors; (c) Seller does not owe any "Pre-Petition Default Amounts" with regard to the Matured Fund Interest, including but not limited to, for premiums, platform and/or servicing fees payable to any of the Debtors; (d) Seller had not given written notice to Debtor to use any portion of the Matured Fund Interest or any of the Payout Amount to make premium payments or platform and servicing fees due on other policies which Seller has invested (a "Requesting Investor"); (e) Seller owns and has sole title to the Matured Fund Interest free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including without limitation pursuant to any factoring agreement, and upon the sale of the Matured Fund Interest to Purchaser, Purchaser will receive good title to the Matured Fund Interest; (f) Seller has not previously sold, assigned, transferred, or pledged the Matured Fund Interest, in whole or in part, to any third party; (g) the basis for the Matured Fund Interest is amounts validly due from and owing by the Debtor; (h) the Matured Fund Interest is a valid, undisputed, liquidated, enforceable, and non-contingent Matured Fund Interest against the Debtor for which the Debtor has no defenses and no objection to the Matured Fund Interest has been filed or threatened; (i) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Matured Fund Interest, proportionately less payments or distributions or any less favorable treatment than other similarly situated Holders; (j) Debtor, or any other third party, has no basis to assert the Matured Fund Interest is subject to any defense, claim or right of setoff, reduction, impairment, Impairment, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (k) that Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; and (l) Seller is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code § 101(31), or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies as may be available to Purchaser for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including without limitation a "Restitution Payment", as further defined below.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and; (b) the Agreement is executed by a proper representative of Purchaser.

**Consent and Waiver.** Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

**Matured Fund Interest or Payout Amount Impaired.** If all or any part of the Matured Fund Interest or Payout Amount is (a) avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever including without limitation a breach of any of the terms or conditions of this Agreement; or (b) the Payout Amount is subsequently scheduled by Debtor or is amended such that all or any portion of the Matured Fund Interest is listed on the Debtor's amended schedule of liabilities in a lesser amount than the Payout Amount (each (a) and (b) an "Impairment"), then Seller, shall make immediate Restitution and repayment of the proportional Purchase Price equal to the ratio of the amount of the Impairment divided by the Payout Amount ("Restitution Payment"), no later than 30 days after receiving notice of such Impairment. Such Restitution Payment shall be made together with interest, calculated at the rate of nine (9%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser. For clarity purposes, this paragraph pertains only to the validity of the Matured Fund Interest and Payout Amount and *not* the ultimate Recovery received by ASM. If the Matured Fund Interest and Payout Amount remains the same as listed in the Agreement, the ultimate Recovery received on that Payout Amount does not affect the Seller.

**Notices (including Voting Ballots) Received by Seller; Further Cooperation.** Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any other court or governmental entity or any third party regarding the Matured Fund Interest assigned herein and to take such other action, with respect to the Matured Fund Interest, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Matured Fund Interest and to direct any payments or distributions, or any form of Recovery on account of the Matured Fund Interest to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

**Exhibit A**

**Recovery (including Cure Payments) Received or Delayed by Seller.** In the event Seller by its' actions or omissions (including not forwarding proper notices as stated above), (i) receives any interim or final distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of nine (9%) percent per annum of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, USA, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County or Nassau County, in the State of New York. Seller consents to and confers personal jurisdiction over Seller by any such court and agrees that Purchaser may validly effect service of process upon Seller by mailing a copy of said process to Seller's address set forth hereof in this Agreement. In any action hereunder Seller waives the right to demand a trial by jury.

**Indemnification.** Seller further agrees to reimburse Purchaser for all losses, costs and expenses, including reasonable legal fees at the trial and appellate levels incurred by Purchaser as a result of, in connection with, or related to any (a) Impairment, (b) Seller's breach of this Agreement, including without limitation any misrepresentation by Seller, and/or (c) litigation arising out of or in connection with this Agreement or in order to enforce any provision of this Agreement.

**Miscellaneous.** Seller agrees that this Agreement and all its terms are confidential and may not be disclosed without the prior written consent of Purchaser. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon, any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and terms hereof are negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell or assign the Matured Fund Interest, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

**R. KIRK & SONYA R. FOOTE ("Seller")**

| | | | |
|---|---|---|---|
| Signature: | /s/ Kirk Foote | Telephone: | |
| Print Name/Title: | | Fax: | |
| Date: | 5/3/2016 | E-Mail: | |

**ASM Capital ("Purchaser")**

**7600 Jericho Turnpike - Suite 302, Woodbury, New York 11797**

Adam Moskowitz - Managing General Partner

| | | | |
|---|---|---|---|
| Signature: | /s/ Adam Moskowitz | Telephone: | (516) 422-7100 |
| Date: | 5/3/2016 | Fax: | (516) 422-7118 |

Exhibit A