UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Life Partners Holdings, Inc. | § | 4:15-bk-40289 |
| | § | |
| Debtor (s) | § | Bankruptcy Case No. |
| | § | |

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Comes now the undersigned, to make application for an order directing payment of unclaimed funds now on deposit in the Treasury of the United States. Claimant is a _X_ creditor __ debtor (check one) in the above captioned bankruptcy case and on whose behalf these funds were deposited:

| | | |
|---|---|---|
| 1. | **Name of Claimant(s)** | Dilks & Knopik, LLC as assignee to James Robert & Tamara A. Graff |
| 2. | **Name and Title of Authorizing Officer or Representative** | Andrew T. Drake – Vice President |
| 3. | **Current Mailing Address** | 35308 SE Center St, Snoqualmie, WA 98065 |
| 4. | **Telephone Number** | 425-836-5728 |
| 5. | **SS#** *(last 4 digits only)* **or EIN #** | 74-3049851 |
| 6. | **Amount Being Claimed** | $3,976.51 |

I, Andrew T. Drake, do hereby state under penalty of perjury that I am legally entitled to claim these funds for whom the unclaimed funds were deposited into the treasury in the above referenced bankruptcy case. I certify to the best of my knowledge that all information submitted in support of this claim is true and correct.

Date: March 4, 2025   Claimant Signature: _____

Subscribed and Sworn to Before Me this 4th day of March, 2025

_____
Notary Public

In and for the State of WASHINGTON

My commission expires February 19, 2026

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Life Partners Holdings, Inc. | § | 4:15-bk-40289 |
| | § | |
| Debtor (s) | § | Bankruptcy Case No. |
| | § | |

## CLAIMANT HISTORY

The original disbursement was not presented for payment within 90 days after issuance because:

Dividends were not collected by the creditor, James Robert & Tamara A. Graff. James R. and Tamara A. Graff have assigned their claim and the unclaimed funds to the claimant, Dilks & Knopik LLC, as evidenced by the attached Assignment Agreement and the Transfer of Claim filed on 03/04/2025 (Docket # 5793).

Claimant certifies under penalty of perjury that all statements made by Claimant in this application and any attachments required for this Application are, to the best of its knowledge, true and correct. Accordingly, Claimant request the Court to enter an Order authorizing payment of the pro rata dividend due upon this claim.

March 4, 2025
DATE

Andrew T. Drake, Vice President
Dilks & Knopik, LLC
35308 SE Center St
Snoqualmie, WA 98065
(425) 836-5728
admin@dilksknopik.com

Subscribed and Sworn to Before Me this 4th day of March, 2025

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

Notary Public

In and for the State of WASHINGTON

My commission expires February 19, 2026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Life Partners Holdings, Inc. | § | 4:15-bk-40289 |
| | § | |
| Debtor (s) | § | Bankruptcy Case No. |
| | § | |

### CERTIFICATE OF SERVICE

In accordance with 28 U.S.C. § 2042, the undersigned hereby certifies that on the date designated below, a true and correct copy of the foregoing application with all required attachments was mailed to:

US Attorney
Attn: Unclaimed Funds
1100 Commerce Street, 3rd Floor
Dallas, TX 75242

Date: <u>March 4, 2025</u>

Andrew T. Drake
Dilks & Knopik, LLC

## AFFIDAVIT OF
### PHOTO IDENTIFICATION AUTHENTICITY

I, Andrew T. Drake, Vice President of Dilks & Knopik, LLC hereby certify that the below proof of identification is a true and accurate duplicate of the original.



Dated:   <u>March 4, 2025</u>

<u>Andrew T. Drake, Vice President</u>
35308 SE Center Street
Snoqualmie, WA  98065
(425) 836-5728

On <u>March 4, 2025</u> before me, Andrew T. Drake, personally appeared, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

Matthew Zettley, Notary Public
My commission expires: February 19, 2026
Notary in and for the State of Washington



# U.S. Courts Unclaimed Funds Locator

Home · About

## Court / TXNB

Edit Search

| Case Number | 15-40289 | Page Total | $10,598.60 |
|---|---|---|---|
| Last/Business Name | Life Partners Holdings, Inc. | First Name | |

Creditors | 5

| | Court | Creditor Name* | Amount |
|---|---|---|---|
| ✉ | TXNB | James/Tamara Graff | $3,976.51 |
| ✉ | TXNB | James Heye | $1,025.20 |
| ✉ | TXNB | James Mitchell | $853.14 |
| ✉ | TXNB | James/Lois Edwards | $2,407.33 |
| ✉ | TXNB | James/Sheri Gopffarth | $2,336.42 |

First   Prev   Next   Last

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 155 | Harvey G. Deharde | 3,767.19 |
| 156 | Haven Chiropractic Clinic 401K Profit Sharing | 1,651.02 |
| 157 | Hazel L Angell | 2,231.65 |
| 158 | HDH Holdings, LLC | 937.14 |
| 159 | Heather G. Rowles | 1.37 |
| 160 | Helene J. Goldfarb | 34,962.05 |
| 161 | Henry G. Witkowski Trust | 4,843.38 |
| 162 | Henry L Rosauer | 914.64 |
| 163 | Herbert K Bennett Living Trust | 21,584.59 |
| 164 | Herman Living Trust | 3,996.65 |
| 165 | Hollins Living Trust | 4,343.53 |
| 166 | House Of Seven Gables | 1,098.26 |
| 167 | Howard G Saxton | 2,520.67 |
| 168 | Huron Trust Organization | 1,662.81 |
| 169 | IRA Services Trust Company FBO Carla Chisholm Acct: IRA46565 | 1,389.21 |
| 170 | IRA Services Trust Company FBO William D Chisholm Acct: IRA046577 | 1,389.21 |
| 171 | Isabel  Tacuyan | 14,607.91 |
| 172 | J & M Whisler Revocable Living Trust | 1,687.88 |
| 173 | J. O. Hill Family Ltd. Partnership dtd: 05/30/97 | 931.14 |
| 174 | Jack A. & Beverly A. Beazley Family Trust | 4,884.94 |
| 175 | Jack Magness | 1,922.37 |
| 176 | Jacqueline E Stern | 10,102.83 |
| 177 | Jade & Stefani  Webster | 2,988.60 |
| 178 | Jaime S. Lopez | 6,447.05 |
| 179 | James & Carma  Pruett | 30,659.01 |
| 180 | James & Lois  Edwards | 2,407.33 |
| 181 | James & Sheri Carlton Gopffarth | 2,336.42 |
| 182 | James Andrew Cox | 5,003.21 |
| 183 | James C. Heye | 1,025.20 |
| 184 | James Edward McNamara | 3,895.53 |
| 185 | James Lowe | 31,393.25 |
| 186 | James Robert & Tamara A. Graff | 3,976.51 |
| 187 | Jan Stuckman | 853.74 |
| 188 | Jane Bennett | 5,390.15 |
| 189 | Janice O & Ronny G  Bryant | 4,676.05 |
| 190 | Janice S Beck | 1,014.46 |
| 191 | Janna & Cullen  Johnson | 1,179.34 |



**EXHIBIT 1** to PHT's Final Report, Request for Discharge, and Motion to Deposit Funds Into the Registry of the Court



# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

## Payments Totaling  $ 3,297,177.47

| | Investor Name | Amount (USD) |
|---|---|---|
| 1 | 2002 The Doris M. Paretsky Revocable Living Trust | 3,097.01 |
| 2 | Addis W. & Dana Hargrove | 30,233.94 |
| 3 | Albert & Elaine Gallegos Trust | 948.33 |
| 4 | Albert Stone | 10,008.56 |
| 5 | Alex W. Eastwood | 2,437.33 |
| 6 | Alexander A. Lambert, III | 2,142.52 |
| 7 | Alton F & Elsie M Schoepke Trust | 2,746.92 |
| 8 | Amanda  Smith | 7,336.41 |
| 9 | Ambrogio  Adamoli | 3,825.90 |
| 10 | Andrew & Shelley Scraver | 15,911.41 |
| 11 | Angela Riano & Alfonso Cuellar | 2,060.03 |
| 12 | Anita Meri Varricke Trust | 1,071.26 |
| 13 | Ann  Aknin | 1,289.80 |
| 14 | Anthony J. Dimino | 4,385.74 |
| 15 | Anthony M. Pryor | 955.13 |
| 16 | Antoine  Cason | 15,715.16 |
| 17 | Arthur F. Mack, Jr. | 8,875.17 |
| 18 | Arvelle  Lanch | 19,729.38 |
| 19 | Ashly  Paloutzian | 10,712.59 |
| 20 | Aurora S. Relatores | 1,107.47 |
| 21 | Austin & Sherrie  Baker III | 1,980.33 |
| 22 | Babak Rejaie | 3,693.92 |
| 23 | Barbara  Campbell | 22,158.78 |
| 24 | Barbara  Chastain | 1,256.16 |
| 25 | Barbara  Staley | 1,306.94 |
| 26 | Barbara A Vosburg | 1,642.24 |
| 27 | Barbara J. Lemay | 9,164.84 |
| 28 | Barbara J. Priestley Revoc. Living Trust | 1,338.86 |
| 29 | Barbara L. Goetsch | 1,389.64 |
| 30 | Barbara M Hammel | 4,760.03 |
| 31 | Barbara T. Russell | 5,879.29 |
| 32 | Barry M Kilzer | 4,120.06 |
| 33 | Barwick Imports Emp. PSP | 1,087.33 |
| 34 | Becky  Roberts | 3,895.53 |
| 35 | Beverly J. Hansen | 2,755.49 |
| 36 | Beverly P. Sherman Irrevocable Trust | 1,306.51 |
| 37 | Bill & Cheryl L. Bragg | 17,313.26 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 38 | Billy G. Cox | 10,403.00 |
| 39 | Bird Nest Trust | 9,648.40 |
| 40 | Brad D. Hudson | 2,892.40 |
| 41 | Bradley Joel Martin | 8,410.46 |
| 42 | Brady Dawkins | 2,380.55 |
| 43 | Brenda L. Britten | 31,136.58 |
| 44 | Brian Anderson Beach | 948.49 |
| 45 | Brigham & Julie  Graham | 4,638.55 |
| 46 | Broad Acre Collection Trust | 33,423.72 |
| 47 | Bryan E Quigley | 2,613.87 |
| 48 | C.J. & Lillian Klinglesmith | 1,059.48 |
| 49 | Callen Renee Gentry Irrevocable Trust | 226.46 |
| 50 | Carlise M Swet | 1,165.32 |
| 51 | Carmen & Frances  Desanti | 1,671.81 |
| 52 | Carol  Marriott | 5,587.05 |
| 53 | Carol A Chappell | 1,204.74 |
| 54 | Cary & Paige Greene | 2,259.50 |
| 55 | Chad Clark Whitaker | 1,507.69 |
| 56 | Chandler Kate Gentry Irrevocable Trust | 226.46 |
| 57 | Charles Payne | 22,593.93 |
| 58 | Charles W. Estes | 20,271.44 |
| 59 | Charles Walker | 3,347.69 |
| 60 | Charlot F Van Hoose | 32,966.50 |
| 61 | Chesley Scott Johnston Trust | 1,270.08 |
| 62 | Chester O. & Jean E.  Magnuson | 2,380.98 |
| 63 | Christopher G. Rowles | 1.37 |
| 64 | Clay & Melinda Rose | 15,026.98 |
| 65 | Coker Pump & Equipment PSP | 2,565.24 |
| 66 | Coleen  Koester | 1,962.33 |
| 67 | Connie Cay Miller | 1,090.97 |
| 68 | Corey R. O'Brien | 3,570.94 |
| 69 | Cory Masao Taam Trust | 810.08 |
| 70 | Courtneyann Elizabeth Taylor Trust | 3,693.92 |
| 71 | Cynthia R. Springs | 7,661.22 |
| 72 | D.A. Summers & Assoc., Inc. MPP | 8,323.04 |
| 73 | Danielle E. Dennis | 1,101.25 |
| 74 | David  Hecht | 2,612.80 |
| 75 | David  Laber | 2,554.59 |
| 76 | David  Yeh | 17,410.32 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 77 | David & John  Welch | 8,032.94 |
| 78 | David A. Johnson | 17,783.98 |
| 79 | David Scott Eriksson | 5,824.01 |
| 80 | Deanna M. & David H.  Findley | 5,674.03 |
| 81 | Deborah J. Overdorff | 1,285.51 |
| 82 | Deborah M. Holubec | 1,409.35 |
| 83 | Debra R Oliver | 1,847.07 |
| 84 | Denise Marie Eckman | 4,715.04 |
| 85 | Dennis & Coleen  Saggese | 2,491.32 |
| 86 | Desert View Trust | 5,307.63 |
| 87 | Diane A. & William C. Lampe | 2,443.33 |
| 88 | Dianne L Fisi | 1,373.14 |
| 89 | Dillon G. Davis | 1,499.76 |
| 90 | Diversified Life Investments, LP | 37,420.80 |
| 91 | Donald & Bernadette Keeling Family Trust | 3,372.32 |
| 92 | Donald F. Lett | 30,755.64 |
| 93 | Donald H. Westbrock | 4,890.30 |
| 94 | Donald J Taplin | 3,890.39 |
| 95 | Donald T. & Karen L.  Carter | 1,847.98 |
| 96 | Doris Sivernell | 15,947.84 |
| 97 | Dorothy & Clyde Martin | 15,391.85 |
| 98 | Double B Crop Insurance Agency, Inc. | 5,775.37 |
| 99 | Douglas W. Vibrock | 8,218.49 |
| 100 | Dr. Moe  Bishara | 1,900.63 |
| 101 | E. Ruth Barrett Living Trust | 2,549.17 |
| 102 | Earl Howery | 3,455.88 |
| 103 | Ed & Linda  Heaton | 1,095.68 |
| 104 | Edgar & Emily  Hibbard | 1,315.72 |
| 105 | Edgar R. Taylor | 1,158.67 |
| 106 | Eileen J Schimp | 2,412.48 |
| 107 | Eileen M Stuart | 3,568.92 |
| 108 | Eliza C. Shedd Revocable Trust | 3,261.13 |
| 109 | Elizabeth  Orlowski | 3,570.94 |
| 110 | Emil L Frohlich | 3,771.05 |
| 111 | Eric Cave | 3,584.86 |
| 112 | Ernest  Clayton | 7,450.82 |
| 113 | Eshleman Family Living Trust | 1,967.26 |
| 114 | Estate of Harriet A. Moyer | 8,556.58 |
| 115 | Estate of James L. Mitchell | 853.14 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 116 | Estate Of Myron Melvin, Jr. | 2,641.73 |
| 117 | Estate Of Robert Alvarez | 1,363.50 |
| 118 | Estrella C. Prado | 7,751.20 |
| 119 | Eva Vagner Inter Vivos Trust | 2,750.14 |
| 120 | Evan Arthur Birkby | 11,946.68 |
| 121 | Evan R. Gage | 16,456.47 |
| 122 | Family Trust Of Valeria L Jordan | 5,988.13 |
| 123 | Federico Fernandez B & Ladis P Rodriguez Baute | 473.28 |
| 124 | Fenton L. L. Bowers | 5,284.95 |
| 125 | Fernando  Rodriguez | 11,146.67 |
| 126 | FIME (USA) International LTD | 12,242.99 |
| 127 | FISERV fka Pensco Trust Company FBO Mary E Propst Acct: 031037996650 | 1,404.85 |
| 128 | Flint Immel | 24,363.65 |
| 129 | Flint Immel | 1,099.54 |
| 130 | Floyd R. Hendrick, III | 4,276.68 |
| 131 | For the Cause, LTD | 48,776.15 |
| 132 | Francis D. Calli | 1,128.53 |
| 133 | Frank J Bargers | 5,223.46 |
| 134 | Frank Or Doris  Cote | 1,214.81 |
| 135 | Frederick A. Roberts | 32,580.42 |
| 136 | Gary D. & Melody A.  Lawrence | 3,437.89 |
| 137 | Gary Gandy | 56,258.04 |
| 138 | Gary Mehlberg | 7,047.81 |
| 139 | Gary S. Cassill | 2,094.10 |
| 140 | George C. Gallinari | 15,182.31 |
| 141 | George E. Hyde Family Revocable Trust | 4,165.91 |
| 142 | Gerald A Bridwell | 1,245.66 |
| 143 | Gilbert  Oswald | 1,625.74 |
| 144 | Glenn A. Liberatore | 0.15 |
| 145 | Gloria Elena Giraldo Isaza | 4,794.74 |
| 146 | Gloria Mighell | 39,444.19 |
| 147 | Grace K. Kim | 2,673.65 |
| 148 | Grant  Carrabba | 13,647.84 |
| 149 | Gregory S. Ashlock | 15,929.41 |
| 150 | Guilford G. Gurk | 1,639.46 |
| 151 | Halfhill Family Trust | 1,502.98 |
| 152 | Harlan L. Willis | 29,170.39 |
| 153 | Harold & Jamie L. Norman | 1,120.11 |
| 154 | Harriet B Bothof & Ruth Gregg | 2,434.54 |

**EXHIBIT 1** to PHT's Final Report, Request for Discharge,
and Motion to Deposit Funds Into the Registry of the Court    Page 4 of 13

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 192 | Jeanne Scholz-Denman | 4,178.13 |
| 193 | Jeff S. Garrett | 1,771.43 |
| 194 | Jeffrey & Susan P Whitman | 4,719.75 |
| 195 | Jeffrey Lynn Beard | 1,175.60 |
| 196 | Jennifer A Elshoff | 16,354.92 |
| 197 | Jennifer Wilkins | 4,703.26 |
| 198 | Jenny R Clary UGMA | 48.38 |
| 199 | Jenny R Clary UGMA | 124.74 |
| 200 | Jenny R. Clary UGMA | 1,649.74 |
| 201 | Jerry  Jordon | 2,366.20 |
| 202 | Jerry  Vorheis | 1,356.86 |
| 203 | Jerry Don Gentry Irrevocable Trust | 453.14 |
| 204 | Jessica Heagerty | 14,034.10 |
| 205 | Jessie Landmon Zamora | 1,078.97 |
| 206 | Joan K. Collins | 7,416.33 |
| 207 | Joe  Hathaway | 7,759.35 |
| 208 | Joe Michael Cobb | 1,356.86 |
| 209 | Joel & Connie  Voss | 1,006.56 |
| 210 | John And Victoria  Twedt | 4,017.22 |
| 211 | John B. Waag, Jr. | 2,492.18 |
| 212 | John M. Fowle | 4,407.16 |
| 213 | John R. & Winnie L.  Osborne | 33,106.62 |
| 214 | John S. Mitchell | 24,712.24 |
| 215 | John W. Sullivan | 6,413.63 |
| 216 | Johnny & Shirley Paul Revocable Trust | 7,262.50 |
| 217 | Johnny D. Johnson | 962.42 |
| 218 | Jon  Winand | 1,286.01 |
| 219 | Jose Fernel Garavito Arenas | 16.60 |
| 220 | Joseph  Kowal | 31,412.32 |
| 221 | Joseph  Kowal | 5,843.29 |
| 222 | Joseph  Narez | 2,264.86 |
| 223 | Joseph M Aprile | 1,075.55 |
| 224 | Josephine Tompkins Trust | 1,250.80 |
| 225 | Josey W. Parks | 3,956.16 |
| 226 | JSJK, LLC | 5,288.16 |
| 227 | Judith K. DeMott Revocable Trust | 12,025.74 |
| 228 | Judy A. Flynn | 3,461.88 |
| 229 | Judy K LaFemina | 114.82 |
| 230 | Judy K LaFemina | 143.79 |
| 231 | Judy L Baily | 16,193.37 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

|  | Investor Name | Amount (USD) |
|---|---|---|
| 232 | Julian B. MacQueen | 7,087.24 |
| 233 | Julie D Hamilton | 2,472.25 |
| 234 | Kandy L Whatley | 1,947.76 |
| 235 | Karen L. Bean | 4,583.49 |
| 236 | Karen S. Toland | 36,358.35 |
| 237 | Karin  Douglas | 3,390.11 |
| 238 | Katherine J Pechmann | 1,034.62 |
| 239 | Kathleen  Schuler | 6,468.26 |
| 240 | Kathryn Bess Pittman Renfro | 2,865.19 |
| 241 | Keller Construction P.S.P., Raymond Keller | 1,336.93 |
| 242 | Kelly Community Federal Credit Union FBO Tamitha Michelle Chapman TRAD IRA Acct: CID# 6919 | 658.40 |
| 243 | Kenneth  Paddie | 1,306.51 |
| 244 | Kenneth Copeland Ministries | 92,098.73 |
| 245 | Kenneth Dale Bayles | 16,164.23 |
| 246 | Kenneth E Kredit | 1,435.27 |
| 247 | Kenneth M. Fry | 2,056.82 |
| 248 | Kent Mosher | 3,710.27 |
| 249 | Kerry L Groves | 9,048.28 |
| 250 | Kevin A. Pryor | 955.13 |
| 251 | Kirk  Willis | 1,302.87 |
| 252 | KJTM #1 | 7,374.76 |
| 253 | Ladd M. Lavallee | 901.36 |
| 254 | Lancaster Revocable Living Trust | 4,081.28 |
| 255 | Landon S. Gage | 16,456.47 |
| 256 | Larry D. Null | 2,066.89 |
| 257 | Larry Semenza | 5,957.92 |
| 258 | Lauren M. Smiley | 1,304.79 |
| 259 | LaVern J. & Judith A.  Wegner | 3,976.09 |
| 260 | Lee (Charles) Cox | 12,501.38 |
| 261 | Leo & Mildred  Gukeisen | 2,891.33 |
| 262 | Leonard D. McCoy | 5,875.86 |
| 263 | Leora M. Wells | 912.93 |
| 264 | Leroy & Kathleen Sargent Trust | 2,562.45 |
| 265 | Leroy & Ruth  Wall | 1,354.50 |
| 266 | Lewis E Hurwitz Trust | 1,343.36 |
| 267 | Lewis King | 1,257.66 |
| 268 | Lewis L. Wright Jr. Family Trust | 4,402.45 |
| 269 | Lillian H. & Richard A. Creasy, Sr. | 974.85 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 270 | Ling L. Kao | 7,594.59 |
| 271 | Lois M Frost | 1,087.14 |
| 272 | Lois S. Williams | 16,140.23 |
| 273 | Loren & Jean Howe | 2,579.59 |
| 274 | Loretta A Bickel | 4,025.06 |
| 275 | Louis Varljen | 1,817.93 |
| 276 | Louis & Marie Dhority | 917.64 |
| 277 | Lynell Lucas | 5,374.51 |
| 278 | M.R. Reifke Revoc. Trust | 1,893.34 |
| 279 | Maier Advertising Inc. PSP | 1,338.65 |
| 280 | Mann Heritage, LP | 36,829.47 |
| 281 | Marcia K. Snook | 983.20 |
| 282 | Marcus & Geraldine Fisher Revocable Living Trust | 1,428.63 |
| 283 | Marjorie M. Quimby | 905.45 |
| 284 | Mark Lauzen | 1,122.04 |
| 285 | Mark C. Johannessen | 6,527.18 |
| 286 | Mark J Whisler | 1,001.34 |
| 287 | Mark J. Brorman | 18,374.45 |
| 288 | Mark Thomas Lenox | 9,150.48 |
| 289 | Martha Felan | 7,713.07 |
| 290 | Martha Juarez | 1,522.62 |
| 291 | Martha C. Bailey | 4,528.43 |
| 292 | Mary Ann & Robert Wilson | 3,888.03 |
| 293 | Mary Ellen Allday | 5,053.13 |
| 294 | Mary L Troe | 875.65 |
| 295 | Maryann Cabo | 1,518.62 |
| 296 | Maryann Monteferrante & Anthony Buscemi | 2,255.19 |
| 297 | Maurean McCann | 1,123.97 |
| 298 | Maverick S. Garrett UGMA | 389.51 |
| 299 | Melinda Anderson & Donna M. Padgett | 897.29 |
| 300 | Merle P. Christensen Trust | 20,256.66 |
| 301 | Michael & Gayla Wingate | 1,947.76 |
| 302 | Michael Scott Dabney | 1,379.57 |
| 303 | Michel H Zweig | 1,428.20 |
| 304 | Michelle D'Amore | 1,251.45 |
| 305 | Mike & Barbara Bomgardner | 7,613.44 |
| 306 | Milton & Billie Turner | 2,965.25 |
| 307 | Minh Chau Alvin Nguyen | 3,142.22 |
| 308 | Mosaic Management Group, Inc. | 1,140.68 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

|  | Investor Name | Amount (USD) |
|---|---|---|
| 309 | Muriel E. Gray | 189.83 |
| 310 | N.H.F. FBO T.G.I.F. Foundation | 3,375.11 |
| 311 | Nadine Fry Ruddy | 23,272.04 |
| 312 | Nailin Lu & Weijen  Chen | 18,757.75 |
| 313 | Nancy  Dalangin | 20,991.54 |
| 314 | Naomi Campbell | 1,141.96 |
| 315 | Nellie D. Beckley Trust | 2,460.68 |
| 316 | Nicholas J. & Georgia  Zikos | 11,069.96 |
| 317 | Nick & Marianela  Inchausti | 18,000.16 |
| 318 | Norma M Hill | 22,956.44 |
| 319 | Norman & Jeannette  Anderson | 2,244.29 |
| 320 | NTC & CO, Agent  LT, Custodian FBO Susan J Dow Acct: | 1,975.40 |
| 321 | Orval & Sally Peterson | 6,139.39 |
| 322 | Paige A Brown | 1,947.76 |
| 323 | Patra Services, Inc., TTEE FBO Forest Group | 3,920.81 |
| 324 | Patrica Middleton | 1,531.04 |
| 325 | Patrick & Maribel  Dowd | 33,598.76 |
| 326 | Paul  Gittemeier | 1,590.61 |
| 327 | Paul E Abernathy | 2,819.13 |
| 328 | Paul H. Neimeier | 1,947.76 |
| 329 | Paul M. Watson | 15,563.90 |
| 330 | Paul W. Farnan | 1,568.11 |
| 331 | Paulina Harrington | 19,421.07 |
| 332 | Pedro C. Santiago III & Heather L.  Santiago | 3,570.94 |
| 333 | Peggy H Farris | 29,425.24 |
| 334 | Peterson Family Trust | 1,304.79 |
| 335 | Phyliss S. Cole | 12,496.03 |
| 336 | Potter Living Trust | 3,569.65 |
| 337 | Prentice Anderson | 5,134.12 |
| 338 | Rachel F O'Neal | 270.54 |
| 339 | Rachel F O'Neal | 402.59 |
| 340 | Rachel F O'Neal | 338.77 |
| 341 | Rachel F O'Neal | 270.25 |
| 342 | Rachel Hubbard Estate Trust | 9,159.48 |
| 343 | Randie K. Musico | 36,971.51 |
| 344 | Randy Smith | 0.07 |
| 345 | Rasik  Patel | 4,285.04 |
| 346 | Raymond W Lundberg V.M.D | 1,556.97 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 347 | Regina Howard Yarbrough | 878.86 |
| 348 | Reynold K. Kim | 2,695.50 |
| 349 | Richard & Marie  Myszka | 990.91 |
| 350 | Richard & Mary  Veazey | 7,018.68 |
| 351 | Richard & Mary Slyfield | 1,829.07 |
| 352 | Richard Allen & Melissa Ann Cote | 4,407.80 |
| 353 | Richard E Walz | 1,157.17 |
| 354 | Richard Murphy PSP | 1,358.29 |
| 355 | Richard Murphy Retirement Plan | 472.67 |
| 356 | Richard&Judy Walker Family Trust | 11,477.69 |
| 357 | Rick Curtis | 8,556.78 |
| 358 | Ricky Alan Davis | 2,999.53 |
| 359 | Rita C Miller | 3,551.44 |
| 360 | Robbie R Kell | 15,613.52 |
| 361 | Robert  Frager | 2,142.52 |
| 362 | Robert & Helen  Szana | 1,171.33 |
| 363 | Robert & Jane Youngblood | 3,150.79 |
| 364 | Robert & Vanessa  Lewis | 1,465.48 |
| 365 | Robert King Coke | 6,310.79 |
| 366 | Robert M Brooks | 11,469.33 |
| 367 | Robert M. Ross | 880.58 |
| 368 | Robert Parish | 6,838.92 |
| 369 | Robert Rae Patterson | 1,256.37 |
| 370 | Robin A. Tucker | 50,750.91 |
| 371 | Rodica Feldman | 1,407.85 |
| 372 | Rodney Pacheco Living Trust | 9,054.93 |
| 373 | Rodolfo F. Arca | 21,306.28 |
| 374 | Roger L. Stockbauer | 4,132.06 |
| 375 | Roger W. & Estelle Sherman Living Trust | 1,338.86 |
| 376 | Ronald  Mays | 11,262.58 |
| 377 | Ronald E. Maser | 1,787.22 |
| 378 | Ronald Huffstetter | 2,978.10 |
| 379 | Ronald J Kosiba | 3,094.01 |
| 380 | Ronald L Spacht | 1,619.74 |
| 381 | Ronald L Teed | 2,158.59 |
| 382 | Rory E. Sterling | 3,895.53 |
| 383 | Rosezetta M Adams | 3,619.36 |
| 384 | Rowland Bateman | 1,983.76 |
| 385 | Roy & Jessie Roth | 6,477.26 |
| 386 | Ruby A. Brier Rev. Living Trust | 14,286.10 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

| | Investor Name | Amount (USD) |
|---|---|---|
| 387 | Rushi  Master | 4,285.04 |
| 388 | Russell Bjorkman, II | 52,976.34 |
| 389 | Russell E. Miller Trust (A) | 2,071.81 |
| 390 | Sandra Clement Massey | 3,801.90 |
| 391 | Sarah Bacon | 9,886.65 |
| 392 | Saucier Living Trust | 1,119.25 |
| 393 | Sawan  Bryan | 1,883.06 |
| 394 | Schubrooks 316 Investments LLC | 2,960.53 |
| 395 | Scott C. Alexander | 3,895.53 |
| 396 | Sears Methodist Ret. System Inc FBO JS Thompson | 7,959.88 |
| 397 | Shannon D. Tipton | 958.56 |
| 398 | Shari S Kralik | 3,200.49 |
| 399 | Sharon Ames | 2,960.53 |
| 400 | Sharon Y. Blackman | 2,329.87 |
| 401 | Shelly K. Broline | 535.63 |
| 402 | Sheryl Jarrett | 1,291.30 |
| 403 | Shirley A. Sneed | 10,032.34 |
| 404 | Shirley Gregory | 2,713.93 |
| 405 | Shirley W Miller Estate | 5,192.82 |
| 406 | Shokoui Investments, LLC | 4,652.26 |
| 407 | Solomon Alade | 6,470.83 |
| 408 | Sonya Renee Foote | 3,570.94 |
| 409 | Soo Goh-Baus | 14,335.16 |
| 410 | South Seminole Co. VFW Post 8207 | 3,200.28 |
| 411 | Southeast Missouri Ent. Consultants | 5,949.99 |
| 412 | St. Olaf Properties | 908.43 |
| 413 | Stanley  Kasper | 1,159.32 |
| 414 | Steven L. Edwards | 6,591.46 |
| 415 | Stewart  Hunter | 2,932.25 |
| 416 | Susan  Brodeur | 8,094.01 |
| 417 | Susan C. & Michael L.  Kasper | 6,866.99 |
| 418 | Susan E. Cooley | 15,962.19 |
| 419 | Suzanne  Groff Lierz | 6,987.61 |
| 420 | Tereasa A Bajnath | 1,545.40 |
| 421 | Teresita A.C. Poblador | 10,930.27 |
| 422 | Terrence O Ward | 51,918.37 |
| 423 | The Daniel & Patricia La Fleur Estate Trust | 13,201.13 |
| 424 | The Daniel L. and Bernice J. Englander Trust | 2,776.28 |
| 425 | The Estate of William Ronald Langley | 2.94 |
| 426 | The Estes Revocable Trust | 6,530.40 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

|  | Investor Name | Amount (USD) |
|---|---|---|
| 427 | The Jack H.Coker Revocable Trust | 7,408.83 |
| 428 | The Johnson Revocable Trust | 931.16 |
| 429 | The Newlove Family Trust dated 3-4-1994 | 15,282.80 |
| 430 | The Ralph A. Douglas & Lamoyan B. Douglas ILT | 31,319.55 |
| 431 | The Rullo Trust | 1,947.76 |
| 432 | Thetis M. Group & Joan I. Roberts | 7,854.04 |
| 433 | Thomas A. Leister Revocable Trust | 1,915.63 |
| 434 | Thomas C. & Laura S. Magee | 7,466.46 |
| 435 | Thomas C. DeYoung | 26,884.54 |
| 436 | Thomas E Ruhe | 7,750.13 |
| 437 | Thomas E. Hamilton | 2,892.40 |
| 438 | Timothy P Crawfurd | 1,058.35 |
| 439 | Timothy W. Terry | 882.29 |
| 440 | Tonya D Thrash | 156.15 |
| 441 | Tracy W. Griffin | 7,498.81 |
| 442 | Treva  Fike | 2,575.52 |
| 443 | True & Sue  Le Mon | 11,755.36 |
| 444 | Ui And Hyon  Kim | 5,102.41 |
| 445 | Venita & Ronald Gene Brooks | 14,680.32 |
| 446 | Vern  Hubers | 2,258.00 |
| 447 | Vern W. Tenney Trust | 1,214.81 |
| 448 | Victor K. Baus III | 3,290.48 |
| 449 | Victoria S. Patrinely | 46,215.20 |
| 450 | Violet Mae Ferdon Trust | 912.82 |
| 451 | Virgil & Darleen  Pfeifer | 1,567.68 |
| 452 | Vitali  Potapov | 1,545.61 |
| 453 | W & M Keith Family Revocable Trust | 5,414.14 |
| 454 | Wanda & Herman  Karrick | 1,904.48 |
| 455 | Wayne  Larsen | 17,105.23 |
| 456 | Wayne Homer Eason | 5,206.32 |
| 457 | WC Fl.Chap Myas Gra Asso. Of America Inc. | 1,497.65 |
| 458 | Weldon O. Jett | 1,570.25 |
| 459 | Whippletree, Ltd. | 1,406.99 |
| 460 | William & Mary Lou  Strange | 1,254.02 |
| 461 | William C. Shuford, Jr. Legacy Trust | 32,057.43 |
| 462 | William G. Warren II | 10,893.64 |
| 463 | William H Rock III | 10,712.59 |
| 464 | William J. May, Jr. | 11,249.72 |
| 465 | William L. & Glenda S. Deal | 895.79 |

# SCHEDULE OF AMOUNTS FOR DEPOSIT
# INTO THE REGISTRY OF THE COURT

|  | Investor Name | Amount (USD) |
|---|---|---|
| 466 | William R. & Carrie A. Gill | 959.42 |
| 467 | William T. Hutto III | 6,376.56 |
| 468 | William Timothy Coombs | 1,120.75 |
| 469 | William W Gratrix | 1,121.18 |
| 470 | Windell Craig Perry | 30,284.50 |
| 471 | Winnie L. Osborne | 6,606.03 |
| 472 | Wyatt D. Davis | 1,499.76 |
| 473 | Yolanda  Andrade C. | 1,947.76 |
| 474 | Yong P. Ho & Thu-Hang Thi  Nguyen | 7,141.66 |

Joshua L. Shepherd (Texas Bar No. 24058104)
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
E-mail: jshepherd@qslwm.com

**COUNSEL FOR MICHAEL J. QUILLING, AS
TRUSTEE OF THE LIFE PARTNERS POSITION
HOLDER TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 15-40289-mxm11** |
| **LIFE PARTNERS HOLDINGS, INC.,** | § | |
| *et. al.* | § | **JOINTLY ADMINISTERED** |
| | § | **(Chapter 11)** |
| **Reorganized Debtors.** | § | |
| | § | |

### POSITION HOLDER TRUST'S FINAL REPORT, WITH REQUEST FOR
### (i) DISCHARGE, AND (ii) AUTHORITY TO DEPOSIT FUNDS
### INTO THE REGISTRY OF THE COURT

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN
RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES
BANKRUPTCY COURT AT THE ELDON B. MAHON U.S.
COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-
3643, BEFORE CLOSE OF BUSINESS ON DECEMBER 14, 2022, WHICH
IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE
CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE
MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH
HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH
NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY
REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE
UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING
THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the Life Partners Position Holder Trust (the "PHT"), on behalf of the

Reorganized Debtors under the terms of the Plan (as defined below), confirmed by this Court in

the above-captioned, jointly administered, Chapter 11 bankruptcy cases (the "Bankruptcy Cases")

of Life Partners Holdings, Inc. ("LPHI") and its affiliated debtors (collectively the "Subsidiary

Debtors", and then with LPHI, the "Reorganized Debtors"), by and through Michael J. Quilling,

in his capacity as the Trustee of the PHT (the "Trustee"), and files this *Position Holder Trust's*

*Final Report with Request for (1) Discharge, and (ii) Authority to Deposit Funds into the Registry*

*of the Court* (the "Final Report"), and respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157, and venue is proper in this Court pursuant

to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 350(b)

of title 11 of the United States Code (the "Bankruptcy Code").

## II.    BACKGROUND

2.    LPHI filed its voluntary petition for relief under Chapter 11 of Title 11, United

States Code, §§ 101 et seq. (as amended, the "Bankruptcy Code"), with this Court on January 20,

2015 ("LPHI Petition Date"), thereby commencing LPHI's Bankruptcy Case (the "Lead Case").

3.    On November 1, 2016, through its Confirmation Order [Dkt. No. 3439] (the

"Confirmation Order"), this Court confirmed the *Revised Third Amended Joint Plan of*

*Reorganization of Life Partners Holdings, Inc. et. al., Pursuant to Chapter 11 of the Bankruptcy*

*Code* [Dkt. No. 3427] (as modified and including each of its exhibits, the "Plan").

4.    On December 9, 2016, the Plan became effective (the "Effective Date"). *See* Docket

No. 3615.

5.      On June 7, 2017, the Chapter 11 Trustee filed his *Notice of Substantial Consummation* of the Plan. *See* Dkt. No. 4013.

6.      Pursuant to the Plan, the PHT was established through the *Trust Agreement for Life Partners Position Holder Trust* (the "Trust Agreement") dated December 9, 2016. Plan, Dkt. No. 3427, at Article V, and Position Holder Trust Agreement, at pp. 126-163; and Confirmation Order, Dkt. No. 3439, at ¶¶ 23-25. The Life Partners IRA Holder Partnership (the "IRA Partnership") was also established through the *Company Agreement of Life Partners IRA Holder Partnership, LLC* (the "Company Agreement"), and also dated December 9, 2016. Plan, Dkt. No. 3427, at Article VII; and Confirmation Order, Dkt. No. 3439, at ¶¶ 28-29. The Trust Agreement and Company Agreement, along with the Plan and Confirmation Order will collectively be referred to as the "Plan Documents".

7.      Effective December 13, 2018, the Trustee became the successor trustee of the PHT[1], taking over the position from Mr. Eduardo Espinosa (the "Original Trustee"), and he continues to serve in that capacity.

8.      Under the terms of the Plan, the Trustee, as a Successor Trustee, is vested with the authority to act on behalf of the Reorganized Debtors with respect to matters relevant to the administration of the PHT. Plan, Dkt. No. 3427, at §§ 4.07, 4.10, 19.04, Appx. A (219, 234, 236, 237).

9.      Accordingly, on March 3, 2021, the Trustee, acting on behalf of the Reorganized Debtors, filed the (i) *Position Holder Trust's Amended Post-Confirmation Report and Joinder in*

---

[1] For purposes of this Final Report, references to administration of the PHT also include management of the IRA Partnership.

*Amended Application for Final Decree Closing Bankruptcy Cases* [Dkt. No. 4546] (collectively

with the *Creditors' Trustee's Final Report and Amended Application for Final Decree Closing

Bankruptcy Cases and Related Relief* [Dkt. No. 4545], the "Applications for Final Decree"). The

Applications for Final Decree requested that the Court close the Bankruptcy Cases.

10.    On March 29, 2021, the Court granted the Applications for Final Decree and

entered its *Order Approving: (1) Creditors' Trustee's Final Report and Amended Application for

Final Decree Closing Bankruptcy Cases and Related Relief; and (II) Position Holder Trust's

Amended Post-Confirmation Report and Joinder in Amended Application for Final Decree

Closing Bankruptcy Cases* [Dkt. No. 4554] (the "Final Decree").

11.    On May 23, 2022, the Trustee filed the *Position Holder Trust's Motion to Reopen

Bankruptcy Case* [Dkt. No. 4558] (the "First Motion"). Through the First Motion, the Trustee

sought to reopen the Lead Case for the purpose of seeking the Court's approval of the Trustee's

intended winddown of the PHT, including the sale of the PHT's non-cash, policy related, assets.

On June 16, 2022, the Court entered its *Order Granting Position Holder Trust's Motion to Reopen

Bankruptcy Case* [Dkt. No. 4560], thereby reopening the Lead Case on that date.

12.    With the Lead Case reopened, on June 21, 2022, the Trustee filed the *Position

Holder Trust's Motion to Approve Plan Construction in Furtherance of Liquidation and Final

Distribution* [Dkt. No. 4562] (the "Winddown Motion"). As part of the Winddown Motion, the

Trustee sought to have the Lead Case immediately re-closed upon entry of the Court's Order on

that Motion.

13.    After conducting an evidentiary hearing on the Winddown Motion, on July 27,

2022, the Court entered its *Order Granting Position Holder Trust's Motion to Approval Plan

Construction in Furtherance of Liquidation and Final Distribution* [Dkt. No. 4616] (the

---

**FINAL REPORT, WITH REQUEST FOR (I) DISCHARGE, AND**                    **PAGE 4 OF 11**
**(II) AUTHORITY TO DEPOSIT FUNDS INTO COURT'S REGISTRY**

"Winddown Order"). The Winddown Order re-closed the Lead Case effective July 27, 2022.

14.      In anticipation of filing this Final Report, on November 16, 2022, the Trustee filed

the *Position Holder Trust's Second and Final Motion to Reopen Bankruptcy Case* [Dkt. No. 4623]

(the "Second Motion") requesting that the Lead Case again be re-opened.

15.      On November 17, 2022, the Court entered its *Order Granting Position Holder*

*Trust's Second and Final Motion to Reopen Bankruptcy Case* [Dkt. No. 4624], thereby reopening

this Lead Case.

### III.     FINAL REPORT AND REQUEST FOR RELATED RELIEF

16.      Pursuant to the Plan Documents, the Trustee, acting on behalf of the Reorganized

Debtors, files this Final Report and respectfully requests the Court grant relief necessarily

attendant to the Final Report, as outlined herein. Section 5.09 of the Plan mandates that "[u]pon

the occurrence of the termination of the Position Holder Trust, the Position Holder Trustee shall

File with the Bankruptcy Court, a report thereof, seeking to be discharged from his duties." Plan,

Dkt. No. 3427, at Section 5.09.

### A.     Final Report

17.      Administration of the PHT for the benefit of its investors and other creditor

beneficiaries has concluded. Specifically, the sale of the PHT's non-cash, policy related, assets –

as outlined within the Winddown Motion and approved by the Winddown Order – closed on

September 6, 2022 (the "Sale"). Thereafter, on September 15, 2022, the PHT made a final

distribution to its Investors[2] in the total amount $265,532,960.05 (the "Final Distribution").

---

[2] The PHT previously had beneficiaries who were: (1) holders of Position Holder Trust Interests ("Units"); and (2) holders of IRA Partnership Interests ("Partnership Interests"). These Unit holders and holders of Partnership Interests are each referred to as an "Investor", and collectively, the "Investors".

18.     As reported in the Winddown Motion, at inception of the PHT, the assets and the records relating to those assets were in a state of disarray. The Trustee immediately undertook efforts to correct those deficiencies, including through the optimization of policy premiums. Those corrections were accomplished, resulting in an increase in the value of the PHT's assets. Moreover, there were also many accomplishments with respect to the PHT's finances. For instance, all debt was eliminated, all unnecessary vendors were eliminated or replaced with better, more cost-efficient options, operating expenses were greatly reduced, and cash reserves were brought to proper levels.

19.     The results of these efforts allowed the previous distribution of excess funds to investors each year as contemplated under the Plan Documents. These efforts also allowed for the Sale, which itself provided a resounding benefit to the Investors. Most of these Investors made their investment more than a decade ago, were elderly, and were suffering from significant investment fatigue. Virtually none of them wanted to still be holding their investment in 2022 (or beyond). The prospect of the Trust operating for another 9 to 10 years was very frustrating.

20.     Instead, the Sale allowed the PHT to make the Final Distribution well earlier than originally contemplated by the Plan Documents - - adding to overall success of the PHT's administration. Specifically, since its inception to present, including the Final Distribution, the PHT has paid a total of $360,532,960.05 in distributions to its Investors, a total of $35.9 million to holders of New IRA Notes[3], and an excess of $340 million to the Continuing Fractional Holders. A successful outcome for all involved.

---

[3] As that term is defined within the Plan Documents. Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms within the Plan Documents.

### B.   Request to discharge Trustee and Trust Board

21.   The results obtained by the PHT, as outlined above, were based upon the efforts of

the Trustee and the Position Holder Trust Governing Trust Board (herein, the "Trust Board"). In

connection with this fulfilment of their respective duties, the Plan Documents state:

> The duties, responsibilities and powers of the Position Holder Trust shall terminate
> after all Position Holder Trust Assets have been fully resolved, abandoned or
> liquidated and the Position Holder Trust Assets have been distributed in accordance
> with this Plan and the Position Holder Trust Agreement...

Plan, Dkt. No. 3427, at Section 5.09.

> No Personal Liability. Any Persons dealing with the Position Holder Trust must
> look solely to the Position Holder Trust for the enforcement of any claims against
> the Position Holder Trust or to satisfy any liability incurred by the Trustee to such
> Persons in carrying out the terms of this Position Holder Trust, and neither the
> Trustee nor the Settlor or any other Person shall have any personal liability or
> individual obligation to satisfy any such liability, except to the extent that such
> liability of the Trustee is finally adjudicated by a court of competent jurisdiction to
> be the result of the Trustee's willful misconduct, gross negligence, or fraud.

Plan, Dkt. No. 3427, Position Holder Trust Agreement, at pp. 126-163, Section 6.9.

> No Personal Liability. Neither the Trust Board nor any member shall have any
> personal liability or individual obligation to satisfy any liability incurred by the
> Trustee, the Position Holder Trust, the IRA Partnership or its Manager, except to
> the extent that such liability is finally adjudicated by a court of competent
> jurisdiction to be the result of the Trust Board's, or its relevant member's, willful
> misconduct, gross negligence, or fraud.

Plan, Dkt. No. 3427, Position Holder Trust Agreement, at pp. 126-163, Section 7.12.

22.   In connection with this Final Report, and as contemplated by the Plan Documents,

the Trustee respectfully requests that the Court release and discharge the Trustee, the Original

Trustee, and the Trust Board of and from any and all further duties, obligations, and liabilities with

respect to the administration of the PHT, including but not limited to the discharge of and from

any and all potential liability of the Trustee, the Original Trustee, Trust Board, and any current or

former member of the Trust Board, for any debt of or liability arising from the administration of

---

the Plan Documents or PHT.

**C.      Request to deposit the Unclaimed Funds into the registry of the Court**

23.      Upon closing of the Sale and prior to the Final Distribution, by letter dated

September 9, 2022, the Trustee provided an update to each of the Investors with respect to the then

imminently forthcoming Final Distribution (the "Distribution Notice"). Within this Distribution

Notice, the Trustee provided the following notice to Investors:

> Checks will be placed in the mail on Thursday, September 15, 2022. The checks will
> be valid for 60 days and no longer. If you do not cash your check within 60 days
> your funds will be placed in the registry of the Bankruptcy Court, and you will then
> have to undertake a long and potentially expensive process to retrieve those funds.
> **MAKE SURE YOU CASH YOUR CHECK DURING THE 60 DAY PERIOD.**

24.      Thereafter, and in connection with the Final Distribution, each distribution check

contained the following notice (the "Check Notice"):

> **\*\*PLEASE DEPOSIT IMMEDIATELY\*\***
> THIS CHECK IS VALID FOR 60 DAYS FROM THE DATE OF ISSUE. If you
> do not deposit this check by November 15, 2022, then you will have to ask the
> Bankruptcy Court for the money. Funds from all uncashed final distribution checks
> will be deposited with the US Bankruptcy Court for the Northern District of Texas,
> Fort Worth Division, under Case No. 15-40289-MXM-11, once the 60-day period
> is over. *In that event, you may have to hire your own lawyer to help you file the
> claim forms found on the Court's website at*:
>      https://www.txnb.uscourts.gov/forms/all-forms/unclaimed_funds

25.      The Distribution Notice coupled with the Check Notice had their desired effect as

virtually all of the Final Distribution payments were timely deposited by the Investors. November

14, 2022 was the 60th day following the September 15th issuance of the Final Distribution checks.

On November 16, 2022, after allowing for the clearance of every check received by the PHT's

bank on November 15th, the Trustee closed the last of the PHT's bank accounts and obtained a

cashier's check for the total remaining and uncashed portion of the Final Distribution – a total of

$3,294,399.05 (the "Remaining Funds"). The cashier's check constituting the Remaining Funds is

made payable to: "Clerk, US Bankruptcy Court".

26.    Since closing the sole remaining PHT bank account and obtaining the cashier's

check of the Remaining Funds, the Trustee received two checks, each in the amount of $1,389.21,

from an IRA administrator constituting return of Final Distribution funds that were originally

wired by the PHT to the administrator on behalf of the two Investors (collectively, the "Returned

Funds"). The Trustee is currently holding the total $2,778.42 of Returned Funds for deposit into

the Court's registry.

27.    As contemplated by General Order 2016-03[4], the Trustee respectfully requests that

the Court enter an order allowing for the deposit by the Trustee into this Court's registry of (i) the

Remaining Funds; (ii) the Returned Funds; and (iii) any and all additional returned funds that the

PHT may receive from original recipients (collectively, with the Remaining Fund and the Returned

Funds, the "Unclaimed Funds"). Based upon the PHT's records, the list of claimants to the

Remaining Funds and Returned Funds are reflected on **Exhibit "1"**, attached hereto and

incorporated fully by reference herein.

**D.    Request to re-close the Lead Case**

28.    As reflected herein, there are no remaining outstanding matters for the PHT, the

Trustee, or the Trust Board in the Bankruptcy Cases. The PHT has been fully administered.

29.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully

administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §

350(a). Rule 3022 of the Bankruptcy Rules, pursuant to which Bankruptcy Code section 350 is

---

[4] General Order 2016-03 of the United States Bankruptcy Court for the Northern District of Texas (*at*:
https://www.txnb.uscourts.gov/content/general-order-2016-03 (last accessed November 21, 2022)).

implemented, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

30.     Re-closing these Lead Case, as requested herein, is appropriate, and the Trustee respectfully requests that the Court's Order approving this Final Report (the "Final Order") effectuate that closure. The Trustee further respectfully requests the Court's expedient consideration and approval of this Final Report, as entry of the Final Order needs to occur prior to December 31st, so as to avoid any question that the PHT terminated its existence prior to the new calendar year (and alleviate any requirement of tax or other filings attendant thereto). For the short while this Lead Case remains open, the PHT will file the requisite operating report and pay the corresponding quarterly fee to the Office of the United States Trustee.

## IV.     PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) approving this Final Report; (b) discharging the Trustee, the Original Trustee, the Trust Board, and its members, as requested herein; (c) authorizing the deposit of the Unclaimed Funds into the registry of the Court and instructing the Clerk of Court to accept such funds; (d) immediately re-closing this Lead Case upon entry of the Final Order; and (c) granting the PHT, Trustee, Trust Board such other and further relief as to which they may be justly entitled, whether general, special, at law or in equity.

*[Remainder of page left intentionally blank]*

Dated: November 23, 2022.

Respectfully submitted,

**QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2100

By: */s/ Joshua L. Shepherd*
        Joshua L. Shepherd
        Texas Bar No. 24058104
        E-mail: jshepherd@qslwm.com

**COUNSEL    FOR    MICHAEL    J.
QUILLING, AS TRUSTEE OF THE
LIFE PARTNERS POSITION HOLDER
TRUST**

**MICHAEL J. QUILLING, TRUSTEE**


*/s/ Michael J. Quilling*
Date: November 23, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 23, 2022, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, and by first-class mail, postage prepaid, upon those shown on the attached service list.

        */s/ Joshua L. Shepherd*
        Joshua L. Shepherd

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

In re    Life Partners Holdings, Inc.                    ,          Case No. _    4:15-bk-40289

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Dilks & Knopik, LLC | James Robert & Tamara A. Graff |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent:

35308 SE Center Street
Snoqualmie WA 98065

Court Claim # (if known):        13272-13343
Amount of Claim:
Date Claim Filed:

Phone:    425-836-5728
Last Four Digits of Acct #:

Phone:   361-935-5702
Last Four Digits of Acct #:

Name and Address where transferee payments
should be sent (if different from above):

Phone:
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:____/s/ Brian J Dilks - President_____          Date:___3/4/2025_____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



## CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that <u>Brian J Dilks</u>, <u>Caryn M Dilks f/k/a Caryn M Knopik</u>, <u>Andrew T. Drake</u> and <u>Jeffrey Hudspeth,</u> is hereby authorized and directed for and on behalf of The LLC to execute <u>all</u> legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions to include <u>applying for and receiving unclaimed funds,</u> which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this **22** day of **July**, 2024.

Brian J Dilks – Member

Date: **7/22/24**

Subscribed and sworn to me this **7/22/2024**

Notary Signature

My Commission Expires: **2/19/2026**

Caryn M Dilks f/k/a Caryn M Knopik – Member

Date: **7-22-2024**

Subscribed and sworn to me this **7/22/2024**

Notary Signature

My Commission Expires: **2/19/2026**

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026



**WASHINGTON**
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 05/14/2024
Effective Date: 05/14/2024
UBI #: 602 211 447

# EXPRESS ANNUAL REPORT WITH CHANGES

## BUSINESS INFORMATION

Business Name:
**DILKS & KNOPIK, LLC**

UBI Number:
**602 211 447**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**06/30/2025**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**06/07/2002**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**OTHER SERVICES, ANY LAWFUL PURPOSE**

## REGISTERED AGENT    RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| BRIAN DILKS | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES |

## PRINCIPAL OFFICE

Phone:
**4258365728**

Email:
**DK@DKLLC.COM**

Work Order #: 2024051400337916 - 1
Received Date: 05/14/2024
Amount Received: $70.00

Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, USA**

Mailing Address:

## GOVERNORS

| Title | Type | Entity Name | First Name | Last Name |
|-------|------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | BRIAN | DILKS |
| GOVERNOR | INDIVIDUAL | | CARYN | DILKS |

## NATURE OF BUSINESS

- OTHER SERVICES
- ANY LAWFUL PURPOSE

## EFFECTIVE DATE

Effective Date:
05/14/2024

## CONTROLLING INTEREST

1. Does this entity own (hold title) real property in Washington, such as land or buildings, including leasehold improvements?
**- No**
2. In the **past 12 months**, has there been a transfer of at least 16-2/3 percent of the ownership, stock, or other financial interest in the entity?
**- No**
   a. If "Yes", in the **past 36 months**, has there been a transfer of controlling interest (50 percent or greater) of the ownership, stock, or other financial interest in the entity?
**- No**
3. If you answered "Yes" to question 2a, has a controlling interest transfer return been filed with the Department of Revenue?
**- No**

You **must** submit a Controlling Interest Transfer Return form if you answered "yes" to questions 1 **and** 2a.

Failure to report a Controlling Interest Transfer is subject to penalty provisions of RCW 82.45.220.

For more information on **Controlling Interest**, visit www.dor.wa.gov/REET.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:
Address:

## EMAIL OPT-IN

☐ By checking this box, I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

## AUTHORIZED PERSON

Person Type:
**INDIVIDUAL**

First Name:
**CARYN**

Last Name:
**DILKS**

Title:

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2024051400337916 - 1
Received Date: 05/14/2024
Amount Received: $70.00





**PHOTO ID**

## Affidavit of Brian Dilks
## in support of the Application for Unclaimed Funds

The affiant hereby declares under penalty of perjury under the laws of the United States that the following is true and correct to the best of the undersigned's knowledge:

1. I, Brian J. Dilks, am at least 18 years of age and competent to submit this affidavit in support of the application for unclaimed funds being filed with this court by Dilks & Knopik, LLC;

2. We are aware of the nationwide increase in filings for Unclaimed Funds which include fraudulent evidence. This is necessarily bringing to question the identity of any filer and, as such, I want to share some things about my company and its 22-year history;

3. Every submission includes photo identification for Dilks & Knopik's authorized signers; these signers have not changed in more than 14 years;

4. We have been at the same address for 12+ years, and the phone and email information that was on our first applications, 22 years ago, will still reach us today. Dilks & Knopik does not operate from a P.O. Box or UPS store address.

5. We carry Errors and Omissions Insurance (similar coverage to professional liability insurance), so that, if my company is forced to cease operations or we were to make a collection mistake, the owed party will still be able to receive their funds;

6. Any application from my company represents the culmination of research work to locate and identify the proper signer, we wish to be known for the quality of our work and do not want to waste the court's or our own resources;

7. Dilks & Knopik, LLC was formed in 2002 by me and, my then fiancée, now wife, Caryn Knopik. We aspired to form a company that would set an industry leading standard for unclaimed funds recovery work. With this goal in mind we have adopted the following standards for ourselves and the people we employ:

a. We will make ourselves available to our clients and partner with the court's administrators to answer questions;

b. Prior to entering an agreement, we will share the Jurisdiction, Case Name and Number and exact dollar amount for funds we are seeking. Often, in our industry, this information is withheld until an exclusivity arrangement is reached. We believe that this is improper, and clients should be informed of all known information upfront so that, prior to proceeding with us, they have made an informed decision;

c. Any money that is received for our clients will be promptly forwarded to them within 10 business days;

8. I am proud to be able to aver that we have recovered for our clients from all 93 Bankruptcy Jurisdictions, including Puerto Rico, the U.S. Virgin Islands and Guam, and submitted more than 20,000 applications for unclaimed funds, while maintaining our A+ rating with the Better Business Bureau.

9. Please contact us if you have any questions about our application, we will address them promptly.


Signed at Snoqualmie, WA on June 19, 2024

Brian Dilks, Member
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065
(425) 654-0346 / (877) 836-5728 x 101
brian.dilks@dilksknopik.com

STATE OF WASHINGTON
COUNTY OF KING
This Affidavit of Brian Dilks, dated _6/19/2024_ was subscribed and sworn to (or affirmed) before me on this _19th_ day of _June_, 20_24_ by Brian J. Dilks who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MATTHEW ZETTLEY
NOTARY PUBLIC #197879
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

Notary – Mathew Zettley

**MATTHEW ZETTLEY**
**NOTARY PUBLIC #197679**
**STATE OF WASHINGTON**
**COMMISSION EXPIRES**
**FEBRUARY 19, 2026**

On this 4th day of March 2025 I certify
that the preceding or attached document titled
(Assignment Agreement), (2 pages) is a true,
accurate and complete copy of the original being held
at 35308 SE Center Street, Snoqualmie, WA 98065

Matthew Zettley – Notary Public
My commission expires: February 19, 2026

# Dilks | & | Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of February 7, 2025 (the "Effective Date") by and between <u>Dilks &</u>
<u>Knopik, LLC</u>, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and James R.
and Tamara A. Graff with an address of 1595 Westpark Ave, Victoria TX 77905 (the "Assignor").

1. Assignor is/was a creditor in Life Partners Holdings, Inc. (4:15-bk-40289) as filed in the Northern District of Texas (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the approximate amount of $3,976.51 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

2. Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

3. Assets Assigned: The assets herein assigned to Assignee are those stated in paragraph 1 above, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1 in the Unclaimed Funds Registry.

4. Consideration: The consideration herein given by Assignee to Assignor shall be the sum <u>$2,651.01</u> which sum shall be remitted to Assignor. A check will be issue to the Assignor for the above stated amount once this claim is approved. **In the event Assignee recovers an amount over and above the Funds then Assignor shall be entitled to 100% of the additional amount recovered.**

5. This assignment shall be deemed an absolute and unconditional assignment of funds/claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest.

6. Assignor represents and warrants to Assignee that no payment or other distribution has been received by or on behalf of Assignor in full or partial satisfaction of the assigned rights; that Assignor has not previously sold or assigned the rights, in whole or in part, to any party.

7. Power of Attorney: To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

8. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter above.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____       Assignee: _____
James R. Graff                              Dilks & Knopik, LLC
                                            Andrew T. Drake – Vice President

Assignor: _____
Tamara A. Graff



### NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, James R. and Tamara A. Graff ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds/claim(s).

The Assigned funds/claim(s):

Debtor: Life Partners Holdings, Inc.
Court: United States Bankruptcy Court - Northern District of Texas
Case Number: 4:15-bk-40289
Chapter: 11
Claim: N/A
Original Creditor: James Robert & Tamara A. Graff

FUNDS/CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Friday, February 07, 2025.

X _____
James R. Graff

X _____
Tamara A. Graff





Address Proof
Of Record

Photo ID





**Address Proof Of Record**

**Photo ID**